THE TOWN OF PARIS, Respondent, *v.* JAMES S. GRAHAM, Appellant.

*Dram-Shop License.*—Towns cannot levy a tax for a dram-shop license larger than that levied for State purposes. (R. C. 1855, p. 686.)

*Corporations, Municipal.*—An ordinance of the town of Paris, under its charter, (Local Acts 1855, p. 174,) establishing a fixed tax of sixty dollars for every dram-shop license, is void.

*Appeal from Monroe Circuit Court.*

*Carr & Pindall,* for appellant.

A body of councilmen under a town charter cannot pass ordinances or by-laws contravening or conflicting with the general statutes and policy of the State; if they do, all such ordinances and by-laws are null and void. (See the following authorities: 1 Black Com., 396, 398; 2 Kent, 268, 296, side p.; 1 Kent, 525, 8 table; Redfield R. R., 74; id. 11, 25; 2 Kyd on Cor. 110; id. 109; Hart v. Mayor, &c., of Albany, 9 Wend. 588; Durham v. Trustees of Rochester, 5 Cowan, 462; State v. Ferguson, 33 N. H. 424; Com. v. Turner, 1 Cush. 493; 18 Ohio, 523.)

*C. D. Drake*, for respondent.

I. The ordinance was not void, being within the terms of the authority granted to the town by its charter.

II. The tax imposed by the ordinance on a dram-shop license was not in violation of section 24 of the "Act to regulate dram-shops," approved December 13, 1855, (R. C. of 1855, p. 686,) which section is in these words:

· "The proper authorities of incorporated towns or cities may impose a tax on licenses to dram-shop keepers within their limits, not exceeding the amount levied for State purposes."

The 9th section of the same act is in these words:

"Upon every license to a dram-shop keeper there shall be levied a tax not less than fifteen nor more than one hundred dollars, for State purposes, for every period of six months, the amount of tax in every instance to be determined by the court or clerk granting the license."

The proper interpretation of these sections is not that the town authorities are in every instance to wait for the County Court, or its clerk, to fix the amount to be paid to the State for a license; but that the town may require the payment of a tax not exceeding the maximum prescribed in section 9, and that any tax below that maximum is lawful.

III. But whether the town exceeded its corporate powers in exacting a tax greater than that levied for State purposes or not, is not in reality involved in this case. The penalty sued for is for selling liquors without any license, and the record clearly establishes the fact that he had no license from any authority whatever.

The law required three things as prerequisites to the issue of the license: 1st, the order of the County Court granting the license; 2d, the payment of the tax prescribed; and 3d, the execution of the bond required by the law. (See § 6, 8, 11, 12, 13, of the "Act to regulate dram-shops," 1 R. C. of 1855, p. 683–85.)

DRYDEN, Judge, delivered the opinion of the court.

The only question arising in this record which this court need consider is as to the legal force of the ordinance of the town of Paris, passed the 14th of April, 1859, for the violation of which these proceedings were instituted.

The ordinance establishes a fixed uniform tax of sixty dollars to be paid to the corporation on every dram-shop license, in every period of six months, within the limits of the town. The town charter (private and local acts of 1855, p. 174) giving authority the the council "by ordinance, to tax, license and regulate dram-shops and tippling houses," is silent as to the amount of tax which may be imposed on each license; but by the 24th section of the general law regulating dram-shops, approved 13th December, 1855, (R. C. 1855, p. 686,) the council was restricted to a sum "not exceeding the amount levied for State purposes," which, according to the 9th section of the last named law, was "not to be less than fifteen nor more than one hundred dollars for every period of six months, the amount of tax to be determined in every instance by the court or clerk granting the license."

Thus it is seen, that, in granting the licenses under the general law of the State, the amount of tax within the limits named, to be levied for State purposes, is to be determined by the court or clerk, not in advance, but at the time of granting the license; and the town authorities being restricted in their power to a sum not exceeding the amount of the State levy, it necessarily follows that in every instance the corporate authorities must postpone the question of the amount of their imposition until the levy for State purposes is first determined.

The facts of this case afford a fit illustration of the working of the rule. The tax imposed upon the appellant for State purposes was twenty dollars; before proceeding further, upon the supposition that the ordinance is obligatory, he must pay to the corporate authorities the sum of sixty dollars—three-fold what, if we are right, they could lawfully demand.

The council, in the passage of the ordinance under consideration, ignored the restriction imposed upon their authority, and by determining in advance an arbitrary amount to be paid on each license, sought to establish a rule which was in contravention of the law of the land; and for this reason the ordinance was of no binding obligation.   The Circuit Court erred in not declaring the ordinance a nullity, as asked by the appellant.

Its judgment is therefore reversed and the cause dismissed.