THE STATE *ex rel.* HORSTKOTTE, *Appellant*, v. THE BOARD OF HEALTH OF THE CITY OF ST. LOUIS *et al.*

Appeal : BOARD OF HEALTH OF ST. LOUIS : STATE OFFICERS : PROHIBITION : CONSTITUTION. The members of the board of health of the city of St. Louis are not state officers within the meaning of section 12, of article 6, of the constitution, and an appeal will not lie to the Supreme Court from a judgment of the St. Louis Court of Appeals upon an application for a writ of prohibition to prevent the board of health from abating a nuisance which it had declared detrimental to the public health.

*Appeal from the St. Louis Court of Appeals.*

APPEAL DISMISSED.

*G. M. Stewart* for appellant.

*Leverett Bell* for respondents.

BLACK, J.—The relator applied to the St. Louis circuit court for a writ of prohibition, seeking thereby to prevent the board of health of the city of St. Louis from

abating a brick kiln, which the board had declared a nuisance and detrimental to the public health. A demurrer to the return was overruled and the information dismissed; that judgment was affirmed by the court of appeals. The relator appealed to this court, and the question is raised whether we have jurisdiction to hear the appeal.

The case, it is to be observed, is not here by virtue of the power of this court to issue original remedial writs, but by virtue of section 12, article 6, of the constitution. That section provides that appeals shall lie from the court of appeals to this court, and writs of error may issue from this court to that, in specified cases only. It cannot be contended that this case comes within any of them, unless it be under the clause which reads as follows : "In cases where a county or other political sub-division of the state, or any state officer is a party." Conceding that the city of St. Louis, because of its dual capacity of a city and county, is to regarded as a political sub-division of the state, still it is no party to this suit, and we have no jurisdiction on that ground. The respondents, who compose the board of health, are city officers. They are elected or appointed to execute the local laws of the city of St. Louis. If the mayor of the city of St. Louis is not a state officer within the purview of the constitutional provision before quoted, as was clearly indicated in *Britton v. Steber*, 62 Mo. 372, then surely these respondents are not state officers. A like question arose recently in *State to use of the Bell Telephone Company v. Flad et al.* The defendants there composed the board of public improvements, and we remanded the cause to the court of appeals.

The defendants here are not state officers. The appeal is, therefore, dismissed. All concur.