THE STATE *ex rel.* FOERSTEL *et al.*, *Appellants*, v. HIGGINS *et al.*

In Banc, June 7, 1898.

1. **Constitution**: STATE OFFICER: APPELLATE JURISDICTION. A member of the board of election commissioners of the city of St. Louis is not a State officer within the meaning of section 12, article VI, of the Constitution, conferring on the Supreme Court jurisdiction of appeals and writs of error in cases where a State officer is a party.

2. ———: ———: DEFINITION. A State officer within the meaning of that section of the Constitution is one whose official duties and functions are coextensive with the boundaries of the State.

*Appeal from St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Benj. J. Klene* and *Crittenden Clark* for appellants.

*Charles Claflin Allen* for respondents.

SHERWOOD, J.—This, a proceeding by *mandamus*, was instituted in the circuit court of the city of St. Louis to compel the board of election commissioners of the city of St. Louis to call and hold a primary election in the various wards and parts of wards of the City of St. Louis, constituting the twelfth congressional district of the State of Missouri, on the fifth day of October, 1896, or on such day as the court may direct, to elect delegates to a Republican congressional convention to be held on the day succeeding such primary election, for the purpose of nominating a Republican candidate for representative from said congressional district, and to cause the notice of the time and place of holding said primary election and the convention and the office for which nomination is to be made, to be printed according to law. After granting an alternative writ, the lower court quashed the same on motion of respondents, and relators appealed to this court.

In providing what causes shall be appealable to this court, section 12, of article VI, of our Constitution, declares that such appeals shall be "in the following cases only: . . . In all cases where the amount in dispute, exclusive of costs, exceeds the sum of two thousand, five hundred dollars; in cases involving the

construction of the Constitution of the United States or of this State; in cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question; in cases involving the construction of the revenue laws of this State, or the title to any office under this State; in cases involving title to real estate; in cases where a county or other political subdivision of the State or any State officer is a party, and in all cases of felony."

Touching this section of article IV of the Constitution it has been ruled that a sheriff is not a "State officer" within the meaning of that section, and that a State officer within the meaning of that section is one whose official duties and functions are coextensive with the boundaries of the State. *State ex rel. Holmes v. Dillon,* 90 Mo. 229. So, also, in *State ex rel. Horstkotte v. The Board of Health of the City of St. Louis,* 90 Mo. 169, it was ruled that the members of such board of health were not State officers within the purview of the section under discussion. A like ruling was made in *State ex rel. Bender v. Spencer,* 91 Mo. 206, holding that a sheriff was not a State officer, and that consequently an appeal would not lie from a circuit court to this court in a case of that sort.

Under these rulings, to which we adhere, we must hold that we have no jurisdiction of the present appeal, and in consequence of this, we order this cause to be transferred to the St. Louis Court of Appeals. All concur.