Wood v. Kansas City.

---

## WOOD v. KANSAS CITY, Appellant.

162   303
d98a ¹289

### Division Two, April 23, 1901.

1. **Municipality:** POWER TO ENACT ORDINANCES: NOTARY'S FEES. A city's power to enact ordinances can only be exercised within the limits of its charter and in harmony with the Constitution and statutes.    Where a statute fixes the fees a notary may receive for taking acknowledgments, the city has no authority to require him to pay such fees into the city treasury although he may be an employee thereof.

2. ———: CLERK'S SALARY: NOTARY FEES. The plaintiff was employed in the treasury office of the city at a salary of $75 per month, and thereupon an ordinance was passed to the effect that such salary should be in full for his services and his fees in taking acknowledgments to deeds for lands which the city might sell for taxes. His salary was paid him, and after his employment by the city ceased, he sued for all fees received by it for acknowledgments taken by him. *Held,* that the city ordinance was void, as being in conflict with a statute which fixes the fees of notaries, and hence he was entitled to recover.

3. ———: ———: ———: ESTOPPEL. Nor is such clerk estopped from taking advantage of the invalidity of the ordinance by the fact that he has received his compensation under his employment. Nor by the fact that, in the absence of an express contract, the city was entitled to his entire time.

4. ———: RESTORATION OF MONEY. If a municipality obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation—this, on the theory that the obligation to do justice rests upon all persons, natural and artificial.

Appeal from Jackson Circuit Court.—*Hon. Jno. W. Henry,* Judge.

AFFIRMED.

*R. B. Middlebrook* for appellant.

(1) The plaintiff, at the time he accepted employment from the city was presumed, as a matter of law, to know of the existence of the ordinance introduced in evidence, which provided that his salary as clerk should be in full compensation for the services which he might render to the city as notary public. With this knowledge he entered into the employment of the city. Nowhere in his pleadings, or otherwise, does he offer to return to the city the salary which he has earned under these circumstances. St. Louis v. Davidson, 102 Mo. 153; Galbreath v.

Moberly, 80 Mo. 484; Henderson v. Price, 96 N. C. 426; Vose v. Cockroft, 44 N. Y. 424; State v. Mitchell, 31 Ohio St. 592; Tone v. Columbus, 39 Ohio St. 287; Motz v. Detroit, 18 Mich. 526; People v. Murray, 5 Hill (N. Y.) 468; Van Hook v. Whitlock, 26 Wend. 337; Railroad v. Stewart, 39 Iowa 267; Hobbs v. Yonkers, 102 N. Y. 13; Hogan v. Brooklyn, 52 N. Y. 282; Jones v. Duff, 47 Hun, 170; McInery v. Galveston, 58 Texas 334; Denver City Irrigation & Water Co. v. Middough, 12 Col. 434. (2) In this case a settlement occurred once a month, every time the plaintiff received his salary. But these monthly settlements were made by both parties, without any claim for notary public fees being made by the plaintiff. It is surely against public policy to allow this plaintiff, with this ordinance staring him in the face, and this course of conduct indulged in by him, to now seek to throw aside and reject the entire arrangement, which both the city and himself supposed to exist at the time of his employment, and to assert now, for the first time, the proposition that he is a notary public entitled to full compensation as such, assigning as a reason for this contention that the ordinance in question is void. Daniels v. Tearney, 102 U. S. 421; Ferguson v. Londrum, 5 Bush (Ky.), 230; Marshach v. Mayor of N. Y., 45 N. Y. Supp. 1018.

*Chas. B. Adams, Wash Adams* and *N. F. Heitman* for respondent.

(1) The ordinance is in direct conflict with the statutes creating the office of notaries public, prescribing their duties and providing the fees to which they are entitled. Chap. 27 and chap. 135, R. S. 1899; 17 Amer. and Eng. Ency. of Law, 249; Town of Paris v. Graham, 33 Mo. 94; Dillon on Mun. Corp., sec. 317; March v. Commonwealth, 12 B. Mon. (Ky.),

29; Dillon on Mun. Corp., sec. 319; In re Martin, 27 Ark. 467; Sedgwick Stat. and Con. Law, 313; Knapp v. Kansas City, 48 Mo. App. 485; Kansas City v. Swope, 79 Mo. 346; Beach v. Cargill, 60 Mo. 316; St. Louis v. Bell, 96 Mo. 623; Carr v. St. Louis, 9 Mo. 191. (2) The ordinance is illegal and void because it is against public policy. The law, on the grounds of sound public policy, prohibits all contracts or arrangements which result in the assignment or surrender by a public officer of the fees of his office before the same are earned by him. Beal v. McVicker, 8 Mo. App. 202; State v. Williamson, 118 Mo. 146. (3) Respondent had no actual notice of the existence of the ordinance; while it is a well-settled principle of law that a valid ordinance is binding upon all persons who come within the scope of its operation, yet no one is presumed to know of the existence of a void ordinance. Nichols v. Bank, 55 Mo. App. 91; Herman on Estoppel, 922. (4) There is another and perhaps a stronger reason why the appellant will not be permitted to set up the plea of estoppel to this action. It would be a violation of the law of public policy to permit the city to consummate its illegal design by setting up, by way of estoppel, either the ordinance itself or anything that might have been done under it, as a defense to respondent's claim. Langan v. Sankey, 55 Iowa 52; Mattox v. Hightsue, 39 Ind. 95. (5) It is well settled that where a municipal corporation receives the money of another without authority of law, it is bound to repay it, and can not be released from this duty on the ground of its non-liability on implied contracts. 15 Am. and Eng. Ency. of Law, 1081, 1088 and 1102; Marsh v. Fulton County, 10 Wall. 676.

BURGESS, J.—On the nineteenth day of April, 1892, plaintiff was employed by defendant city as an extra clerk in the office of the treasurer of the city, for which he received three

dollars per day.   He continued in the service of the city until February, 1893, during which time he drew his salary regularly every month.   During that time a great many city lots were sold for delinquent taxes for which certificates of purchase and deeds had to be made, and acknowledgments thereto taken, which necessitated having a notary public in the treasurer's office for that purpose.   Therefore, in order to provide for such an officer, defendant city on the fourth day of February, 1892, duly passed ordinance No. 3910, the substance of which is that the salary of the clerk employed as notary public in the treasurer's office should be in full for his services and his fees in taking these acknowledgments, and to certificates pertaining to the duties of notary public.

On June 17, 1892, plaintiff was duly appointed and commissioned notary public for Jackson county, Missouri, for a term of four years, and while in the service of defendant city and during regular business hours, he took four thousand, two hundred and thirty acknowledgments for her, which at fifty cents each, amounted to the sum of $2,115.50, to recover which he prosecutes this suit.   It does not appear that he lost any time from his work by reason of these certificates and acknowledgments.

These fees never came into the hands of plaintiff but were paid into the treasury of defendant city, by the grantees named in the certificates of purchase and tax deeds.   Plaintiff never made a demand on the city for these fees until March 15, 1893, when payment was refused.

It was agreed between the parties "that the sum of $2,-115.50 was collected by the city treasurer of defendant, paid into the general fund of defendant's treasury, and that all of said sum has been appropriated and used by defendant for its own use and benefit; that said sum represents the total amount of notary fees for acknowledgments taken by plaintiff

while in the treasurer's office for certificates of purchase and tax deeds issued by defendant during the years 1892 and 1893. It is also admitted by defendant that said sum of $2,115.50 was demanded by plaintiff from said defendant on the fifteenth day of March, 1893, and that payment thereof was refused."

No declarations of law were asked by plaintiff, but defendant asked the court to declare the law to be as follows:

1. The court, sitting as a jury, declares the law to be that if the plaintiff was receiving a salary of $75 per month from Kansas City as an extra clerk in the city treasurer's office, which salary was to be compensation in full for his services as such clerk and that on February 4, 1892, the common council of Kansas City passed an ordinance that no fees should be received by the notary public working in the treasurer's office, extra, such as are turned into the city treasury to the credit of the general fund of the city, and that all of the fees claimed by the plaintiff were for work done as a notary after the enactment of said ordinance, and that plaintiff knew of the existence of said ordinance when he took the acknowledgments to the deeds in question and did other notary work, then the plaintiff can not recover in his action.

"2. The court declares the law to be that a notary public may be estopped from claiming fees earned by him when it appears that he knew before he performed his official acts as a notary that no fees would be paid him and that it was expected by the party for whom he performed the notary services that no pay should be given.

"3. The court declares the law to be that a notary public, as at present commissioned and qualified, while admittedly a public officer in one sense of the word, is not such a public officer as to not be amenable to the law of estoppel.

"4. The court declares the law to be that Kansas City, under its municipal charter and ordinances made in pursuance

thereof, can not be held for an action of money had and received by the plaintiff in this case.

"5. The court declares the law to be that Kansas City, by its charter and ordinance, has a right under the facts disclosed in this case, to collect and disburse the notary fees paid by the grantees in the certificates of purchase and deeds under tax sales, provided the said notary fees were earned during the time paid for by Kansas City to the plaintiff at the rate of $75 per month."

Of these declarations of law all were refused except the third, and defendant duly excepted.

Judgment was then rendered in favor of plaintiff for the full amount of his claim, which, including interest, amounted to two thousand seven hundred and two dollars and fifty-five cents. Defendant appeals.

The position of defendant is, that when plaintiff accepted employment from the city, he was presumed as a matter of law to know of the existence of the ordinance of the city which provided that his salary as clerk should be in full compensation for the services which he might render the city as notary public. This presumption, however, was only to be indulged if the ordinance was valid, for if void there was nothing to be presumed with respect to it, but if valid it was as much a part of the contract of employment as if its provisions, terms and conditions had been made part of it. But the power to enact ordinances by defendant city can only be exercised within the limits of its charter, and in harmony with the Constitution and statutes of the State. [Town of Paris v. Graham, 33 Mo. 94.] "In this country, the courts have always declared that ordinances passed in virtue of the implied power, must be reasonably consonant with the general powers and purposes of the corporation, and not inconsistent with the laws and policy of the State." [Dillon on Municipal Corporations, sec. 319.]

Now, it must be apparent that the ordinance in question is in direct conflict with chapter 118, Revised Statutes 1889, creating the office of notaries public, and prescribing their duties, and with section 5001 of said statute by which the fees, which they are entitled to charge for their services as such, are fixed.

· The ordinance provides that no fees shall be received by said notary except such as are turned into the city treasury to the credit of the general revenue fund of the city, while by express provision of the statute he is entitled to charge and receive for his services the fees therein prescribed. It, therefore, seems impossible to conceive of an ordinance which would in its effect be more directly in conflict with the statutes referred to than this one.

Moreover, the power to pass such an ordinance is nowhere to be found in the city's charter, either in express terms or by implication. It has no reference whatever to the affairs of the city government and was simply an unauthoritative attempt to divert the fees of an officer from the source provided by statute for their payment.

But defendant claims that although the ordinance may be void, plaintiff is estopped from taking advantage of its invalidity by having received his compensation under his employment. We must confess our inability to see the force of this contention, for with the ordinance out of consideration, plaintiff did nothing by which he could be estopped from claiming the fees received by defendant to which he was entitled. It is not claimed that he entered into any express contract, aside from the ordinance by which his fees as notary were to be received and retained by defendant, and the ordinance being void there was no express contract at all with respect thereto, hence nothing to estop plaintiff from claiming them by reason of said ordinance.

"The rule is, that no one can be estopped by an act that is illegal and void, and an estoppel can only operate in favor of a party injured in a case where there is no provision of law forbidding the party against whom the estoppel is to operate from doing the act which is sought to be carried out through its operation." [Nichols v. Bank, 55 Mo. App. 81; 2 Herman on Estoppel, 922.]

Defendant contends that in the absence of an express contract or understanding to the contrary, it was entitled to plaintiff's entire time, hence, entitled to the fees which plaintiff earned as notary, and Leach v. Hannibal and St. Joseph Railroad Co., 86 Mo. 27, is relied upon as sustaining that contention. In that case it is said: "When one enters into a contract of service for another, for a fixed salary or compensation, he prima facie, agrees to give the latter his entire time; and the rendition of service by the employee as a notary public in the employer's business, does not make the latter liable for the statutory fees therefor in the absence of an agreement or understanding to that effect, or a course of conduct between the parties showing such fees were not to be included in the employee's salary."

But that case is distinguishable from the case at bar in this. In that case, the notary fees sued for were for services rendered by the plaintiff in taking the acknowledgments of deeds and other instruments of writing executed by the railroad company for which by law it was required to pay, but which said services Leach may have rendered gratuitously if so inclined, or have entered into a contract express or implied by which in consideration of his employment at a fixed salary he was to have no fee for such services. And after having thus rendered the services he could not of course recover the fees allowed him by law therefor. In the case at bar, there was no such contract; besides, the city had no interest whatever in the

notary's fees, but they were paid by the grantees in the certificates and deeds as the case might be, and went into the city treasury, who, under the facts disclosed by the record, must be held to have received them for plaintiff's use and benefit. And the obligation to do justice rests upon all persons, natural and artificial, and if a municipality obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.   [15 Am. and Eng. Ency. of Law, p. 1083, note 1, and authorities cited.]

It follows that there was no error in refusing the declarations of law asked by defendant.

The judgment is affirmed.   *Sherwood, P. J.,* and *Gantt, J.,* concur.