OF THE

# STATE OF MISSOURI

AT THE

## APRIL TERM, 1904.

*(Continued from Volume 182.)*

## CITY OF ST. JOSEPH v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Division One, June 20, 1904.

1. **APPELLATE JURISDICTION: Constitutional Question: Must be Specific.** A general claim in the trial court that an ordinance is unconstitutional, without pointing out the precise provision of the Constitution which it offends against, is not a proper or sufficient way to raise a constitutional question so as to give the Supreme Court jurisdiction of the appeal.

2. ————: **Revenue Laws.** If the case necessarily involves a construction of the revenue laws of this State, that is, if no judgment can be rendered in the case without construing those laws, the appeal is to the Supreme Court.

3. ————: ————: **Occupation Tax: Insurance Company.** But where the whole point at issue is whether a city by ordinance can levy an occupation or license tax against a foreign insurance company for the privilege of doing business within the city, in addition to the two per cent *ad valorem* tax imposed by the Legislature in lieu of all other taxes, the judgment does not involve a construction of the revenue laws of this State.

Appeal from Buchanan Criminal Court.—*Hon. Benj. J. Casteel,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*R. L. Spencer, Nathan Frank, Richard A. Jones* and *Max W. Oliver* for appellant.

(1) (a) The license fee of $50 imposed by the laws of the city of St. Joseph for the non-payment of which the judgment appealed from was entered, is of such amount and levied under such conditions that it is manifestly not simply a charge made for the purpose of defraying the expense of enforcing a police regulation, but is a tax for the purpose of providing revenue. Lamar v. Adams, 90 Mo. App. 40; St. Louis v. Spiegel, 75 Mo. 145; Kansas City v. Grush, 151 Mo. 128; Ward v. Maryland, 12 Wall. 418; Telegraph Co. v. Medford, 115 Fed. 202. (b) Being a tax, the ordinance of the city of St. Joseph providing for the levy and collection of this license fee is in conflict with the general law of the State (art. 8, chap. 119) enacted in 1895, in so far as it can be held to apply to foreign insurance companies, and so of non-effect as to them, for this act expressly provides that the two per cent per annum on all premiums which all foreign companies are obliged to pay the State, irrespective of the net amount collected, less loss by return of premiums or under the policies, shall be in lieu of all other taxes. Its language is not limited in its scope to State taxes, nor are those levied by the various municipal subdivisions of the State excluded from its effect. R. S. 1899, sec. 8043. (2) The ordinance is void for the reason that it is in direct conflict with the provisions of the Constitution of the State of Missouri declaring that all property subject to taxation must be taxed in proportion to its value. Const. of Missouri, art. 9, secs. 3 and 4.

*Allen & Mayer* for respondent.

(1) Respondent's charter gave it the power to

license, tax and regulate insurance companies doing business within the city. R. S. 1899, sec. 5508, subd. 17. (2) Unless section 5508, Revised Statutes 1899, has been repealed, it makes no difference whether the ordinance in question imposes the license for revenue, or as a police regulation; the city had the power to license for revenue the occupation of insurance. The same ordinance now in question was, prior to the enactment of Revised Statutes 1899, sec. 8043, held legal and valid by the Supreme Court. St. Joseph v. Ernst, 95 Mo. 360. (3) The ordinance was not rendered invalid by the enactment of sec. 8043, Revised Statutes 1899; or, in other words, sec. 8043 did not repeal sec. 5508, Revised Statutes 1899. City of Lamar v. Adams, 90 Mo. App. 35. (4) Appellant can hardly be serious in its contention that the ordinance is in conflict with article 9, sections 3 and 4 of the State Constitution. The ordinance imposes only an occupation tax, "a tax for the privilege of carrying on the business," and not a property tax. St. Joseph v. Ernst, supra; City of Lamar v. Adams, supra; St. Louis v. Green, 7 Mo. App. 468, 70 Mo. 562.

MARSHALL, J.—This is a prosecution under the ordinance of St. Joseph, for doing business without a license. The defendant was fined fifty dollars in the police court, and appealed to the criminal court of Buchanan county. In that court it filed a motion to dismiss the case "for the reason that the ordinance upon which the information is based is unconstitutional and void." The court overruled the motion. Thereupon a jury was waived and the cause was tried before the court upon an agreed statement of facts, which recited that St. Joseph is a city of the second class under the laws of this State; that the defendant is a foreign insurance company organized under the laws of the State of New York, and doing an insurance business in St. Joseph, through an agency, and that it has no license from the city so to do; that there is an ordinance of the city re-

quiring all persons or companies to procure an annual license to do business in the city. The agreed statement then recites: "The defendant for its defense relies on all its legal defenses and especially says that the ordinance set out is contrary to the provisions of the Constitution of the State of Missouri and the laws of Missouri, and is void, and especially section —, chapter —, Constitution of Missouri." The agreed statement then recites that the defendant has paid the tax upon premiums received, at the rate of two per cent per annum, as required by section 8043, Revised Statutes 1899, and has complied with all the laws of the State, except the payment of the city license required by the city ordinance. The defendant then demurred to the evidence for the reason that it fails to prove an offense against the defendant, and because the ordinance is unconstitutional and void. The court overruled the demurrer and rendered judgment against the defendant for fifty dollars, as a fine. The defendant filed motions for a new trial and in arrest, in which it again challenged the ordinance as unconstitutional and void. These motions being overruled, the defendant appealed to this court.

## I.

In its brief in chief the defendant says that the ordinance is void because it is in conflict with sections 3 and 4 of article 9 of the Constitution of this State, which declare that all property subject to taxation must be taxed in proportion to its value.

No examination or elucidation of the point is indulged in, and no authorities are cited to support the point.

The burden of the defendant's brief is that under article V, chapter 199, Revised Statutes 1879, foreign insurance companies were required to pay a State tax of one per cent per annum, upon all premiums received, in cash or in notes, for business done in this State in excess over returned premiums and losses actually paid during the year; that returns were required to be made,

by the thirty-first of January of each year, to the sup-
erintendent of the Insurance Department of the amount
of such premiums and deductions, and such superin-
tendent was required to assess the tax and certify it to
the State Treasurer, and the taxes were required to
be paid to the State Treasurer by the first of April; that
in addition to this State tax, insurance companies were
required to make similar returns to the assessor of the
county and city or town in which they had agencies, and
the county, city or town was authorized to levy county,
municipal and school taxes thereon in like manner as
upon any other property (R. S. 1879, secs. 6057, 6058,
6060, and 6062); that at that time section 4644, para-
graph 15, R. S. 1879, relating to cities of the second
class, authorized the mayor and council, by ordinance
not inconsistent with the Constitution or any law of
this State, to license, tax and regulate insurance com-
panies, and that pursuant to such authority the city of
St. Joseph had enacted the ordinance in question impos-
ing a license or occupation tax of fifty dollars upon
every person or company carrying on any kind of
insurance business in the city.

The minor premise of the defendant's syllogism is
that the law as so stated remained the same until 1895
when it was changed so as to be as it now appears in
article 8 of chapter 119, Revised Statutes 1899, the
change being that the sections of the law which required
returns to be made to the assessors of the county, city or
town, and which authorized such localities to levy a tax
as aforesaid, were repealed, and the section which im-
posed a State tax of one per cent per annum upon all
premiums received in cash or in notes, for business done
in the State in excess over returned premiums and losses
actually paid during the year, was also repealed, and in
lieu thereof it was provided that foreign insurance com-
panies doing business in this State were required to pay
an annual tax upon the premiums received, whether in
cash or in notes, in this State, or on account of business

done in this State, of two per cent per annum, in lieu of all other taxes, except as thereinafter provided, and no deductions were allowed on account of premiums returned or losses paid; and that one-half of this tax goes into the general revenue and the other half is applied to the school fund and is apportioned to the counties for school purposes. [Laws 1895, p. 198; R. S. 1899, sec. 8043.]

The conclusion drawn by the defendant from these premises is that the power conferred upon cities of the second class by the statutes of 1879 to license, tax and regulate is taken away, and that the two per cent tax on all premiums received, without deduction for premiums returned or losses paid, is expressly declared to be in lieu of all other taxes, and, therefore, while the ordinance of St. Joseph in question here was valid when it was enacted, it has been deprived of life and force by the change of the statutes by the act of 1895 aforesaid.

Counsel for plaintiff cast doubt upon the good faith of defendant in its attempt to raise a constitutional question in this case, and suggest that it was done in order to get the case into this court and to keep it out of the Kansas City Court of Appeals, because that court had this identical contention as to the effect of the act of 1895 upon the power of cities to license, tax and regulate insurance companies, before it in the case of City of Lamar v. Adams, 90 Mo. App. 35, and that court held in that case that the defendant's contention was untenable, and that while the Act of 1895 took away the power of the city to levy an *ad valorem* tax upon insurance companies, it did not take away the power of the city to impose a license or occupation tax, upon them, and that the ordinance imposed such a license or occupation tax, and did not attempt or purport to impose an *ad valorem* tax at all. The defendant replies that the main question in this case is the construction of section 8043, Revised Statutes 1899 (being the act of 1895) which is a revenue law of this State and hence this court

has jurisdiction under section 12 of article 6 of the Constitution.

It is clear that the defendant did not properly raise a constitutional question in the lower court. It demurred to the evidence on the ground that the ordinance is unconstitutional and void. It made the same claim in the motions for a new trial and in arrest, and in the agreed statement of the case it stated that it claimed the the ordinance is contrary to the provisions of the Constitution and laws of Missouri, "and especially section—, chapter—, Constitution of Missouri." But it nowhere in that court pointed out what provision of the Constitution the ordinance violated. Whether in oral argument in that court it claimed that the ordinance violated sections 3 and 4 of article 10 of the Constitution, which requires all property to be taxed in proportion to its value, as it does in its brief in chief in this court, or whether it claimed that the case was one which involved the construction of the revenue laws of this State, and therefore this court has jurisdiction under section 12 of article 6 of the Constitution, as defendant claims in its reply brief, can not be ascertained from an examination of the record of the proceedings in the lower court.

In Ash v. Independence, 169 Mo. l. c. 79, this court laid down the rule that a general claim in the trial court that a law or ordinance was unconstitutional, without pointing out the precise provisions of the Constitution which it offended against, was not a proper or sufficient way to raise a constitutional question so as to give this court jurisdiction of the appeal, for it was there shown that in this way a party might claim in the trial court that it offended one provision of the Constitution, and in the appellate court might claim that it offended against a totally different provision of the Constitution, and thus the trial court might be adjudged guilty of error in respect to a matter which was not called to its attention and upon which it had never ruled.

This ruling is in consonance with the practice in this State which requires litigants to try their cases on appeal on the same theory upon which they were tried in the *nisi prius* court.

The record in this case brings the defendant within the rule laid down in the Ash case, and fails to show that a constitutional question was properly raised in the lower court.

The Constitution gives this court appellate jurisdiction in cases involving the construction of the revenue laws of this State, and if the case necessarily involved a construction of these laws, and if no judgment could be rendered in this case without construing the revenue laws of the State, this court would have jurisdiction; even though no specific constitutional provision was violated by the law or ordinance in question. [State ex rel. v. Smith, 152 Mo. 444; State ex rel. Curtice v. Smith, 177 Mo. 69.] But it is apparent that no such condition is present in this case, for the question here involved is whether in addition to the *ad valorem* tax imposed upon foreign insurance companies by section 8043, Revised Statutes 1899, a city of the second class has the right to impose a license or occupation tax, by virtue of the power conferred by section 5508, Revised Statutes 1899, upon such cities to license, tax and regulate insurance companies. In other words whether what is commonly called a license or occupation tax is in reality a tax in any proper sense at all, and therefore, whether such a requirement as a condition to the right to do business may be imposed, even in cases where the full *ad valorem* tax authorized by the Constitution has already been imposed. Such a question does not involve a construction of the revenue laws of this State, within the meaning of section 12 of article 6 of the Constitution. It follows that this court has no jurisdiction of this cause, and it is therefore, transferred to the Kansas City Court of Appeals. All concur.