## THE STATE v. LOUIS KUEHNER, Appellant.

### Division Two, December 10, 1907.

APPELLATE JURISDICTION: Constitutional Question: How Raised. A constitutional question is not lodged in the case, so as to give the Supreme Court jurisdiction of the appeal, by a demurrer alleging simply that the statute upon which the information is based is unconstitutional and void. A general allegation that a statute is unconstitutional and void is not sufficient to raise the question of its validity, but in some way the specific provisions of the Constitution infringed upon must be pointed out.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*N. P. L. Rosch* for appellant.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State; *Clarence T. Case* of counsel.

BURGESS, J.—On the 22nd day of July, 1907, the assistant prosecuting attorney of the St. Louis Court of Criminal Correction filed an information in said court charging the defendant with wilfully and unlawfully laboring on Sunday, contrary to the form of the

statute in such case made and provided. The defendant demurred to the information, alleging as grounds therefor: (1) That the facts alleged in the information do not constitute any offense under the laws of this State; (2) that section 2240, Revised Statutes 1899, upon which the information was based, is unconstitutional. The demurrer was overruled, the case went to trial, and the defendant was convicted, his punishment being assessed at twenty-five dollars and costs. After filing ineffectual motions for a new trial and in arrest of judgment, defendant appealed to this court.

It is evident that this court has no jurisdiction of this appeal unless it be upon the ground that a constitutional question is involved, and this question could only have been raised by the defendant in the trial court by in some way pointing out the specific provision of the Constitution infringed upon. A general allegation, as in the case at bar, that a statute is unconstitutional and void, is not sufficient. [Ash v. Independence, 169 Mo. 77; State to use v. O'Neil Lumber Co., 170 Mo. 7.] Nor is a demurrer to the evidence, on the ground that the statute on which the proceeding is based is unconstitutional and void, sufficient; nor yet is it sufficient that the same claim is made in the motion for new trial and in arrest. [St. Joseph v. Metropolitan Life Ins. Co., 183 Mo. 1.]

This court being without jurisdiction, the record is ordered transferred to the St. Louis Court of Appeals. All concur.