CITY OF RICHMOND v. E. B. CREEL, Appellant.

**Division One, December 6, 1913.**

**SUPREME COURT: Jurisdiction: Constitutional Question: Settled by Former Cases.** When a constitutional question raised before the Supreme Court has been settled by that court in other cases before the date of the appeal, the court will not entertain jurisdiction on that ground.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Nathan Frank, Richard A. Jones* and *James L. Farris* for appellant.

*M. M. Milligan* for respondent.

BLAIR, C.—In the city of Richmond, a city of the third class, there exists an ordinance imposing a license tax upon insurance companies and providing that any person acting as agent for any company which has not complied with its provisions shall be subject to a prescribed penalty.

The Metropolitan Life Insurance Company, a corporation organized under the laws of New York, failed to comply with this ordinance, and appellant was found guilty of acting as its agent within the city and has appealed.

The company had previously paid the tax levied upon it under section 7099, Revised Statutes 1909.

The amount of the fine assessed against appellant is five dollars, and this court has no jurisdiction of this appeal unless such jurisdiction is conferred by the character of the questions raised.

On the trial it was contended (1) that the ordinance in question is violative of section 3, article 10, of

the Constitution, which provides that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax;" and (2) that section 9253, Revised Statutes 1909, in so far as it purports to authorize cities of the third class to impose a license tax upon *foreign* insurance companies, has been repealed, by implication, by the amendment of 1895 to article 8, chapter 61, Revised Statutes 1909.

That the State has power to tax all trades, professions and occupations and to delegate this power to municipalities has been the settled law of **Jurisdiction** Missouri for sixty years (St. Louis v. **of Supreme** McCann, 157 Mo. l. c. 307) and, that when **Court:** **Constitutional** the power to impose a license tax upon **Question:** insurance companies has been delegated **Settled by** **Earlier Cases.** to municipalities it may be exercised by them without an infringement of the constitutional provision now invoked, was expressly held by this court in City of St. Joseph v. Ernst, 95 Mo. 360. The identical question attempted to be presented here was considered and decided in that case, and the fact that the amended statute substituted for the one per cent levy, upon net premiums, by the State and the separate levies thereupon by the counties, cities and school districts a single levy of two per cent on net premiums for state, county, city and school purposes, adds nothing to the question decided in the case last cited, however important it may (or may not) be upon the question concerning the repeal of the provision in section 9253 relating to license taxes upon insurance companies.

The constitutional question raised having been settled more than a generation before this controversy arose, it cannot confer jurisdiction of this appeal upon this court. [State v. Campbell, 214 Mo. 363, and cases cited: Bank v. Glass Co., 243 Mo. 409, and cases cited.]

While counsel do not contend that the construction of the revenue law is involved, and jurisdiction thereby conferred, there is no impropriety in adding that it has been previously held (City of St. Joseph v. Metropolitan Life Insurance Company, 183 Mo. 1) that no question of such construction arises in determining whether the statutes confer upon a city the power to impose a license tax upon insurance companies.

The cause is transferred to the Kansas City Court of Appeals. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.