CITY OF ST. LOUIS v. SAMUEL MURTA, Appellant.

Division Two, June 4, 1920.

1. **APPELLATE JURISDICTION: Misdemeanor: City of St. Louis.** Since the City of St. Louis is a political sub-division of the State, the Supreme Court has jurisdiction of an appeal from a conviction of a defendant charged by an information filed by the city with a violation of its ordinances, though the offense is only a misdemeanor.

2. **VALID ORDINANCE: Presumption.** It cannot be presumed that the city, in enacting an ordinance, was ignorant of its charter powers, or that it deliberately intended to violate either its charter or the statutes of the State; on the contrary, all doubt will be resolved in favor of the validity of an ordinance, and it will not be brought into conflict with either the charter or statutes by an expanded interpretation if such can be reasonably avoided.

3. **————: Lodging Houses: Unreasonable Restriction.** An ordinance declaring that "the term 'lodging house' where used herein shall (unless expressly otherwise indicated) be taken to mean and to include any building wherein lodging and sleeping quarters for three or more persons in any one room are provided" will not be construed to include private homes, charitable institutions, etc, and thus by interpretation be brought into conflict with the charter and statutes and thereby rendered void, but will be construed as not applying to private homes and charitable institutions, and is not therefore in conflict with the charter or statutes, nor when so restricted is it unreasonable.

Appeal from the St. Louis City Circuit Court.—*Hon. Chauncey H. Krueger*, Judge.

AFFIRMED.

*Forest P. Tralles* and *Geo. O. Durham* for appellant.

(1) The ordinance attempts to fix a tax upon establishments of a private character not pertaining to any business, calling, pursuit or vocation and is not authorized by the charter. Charter of St. Louis, Art. 20; St. Louis v. Weitzel, 130 Mo. 619. Not being authorized by

the charter it is void. State ex rel. v. Gordon, 217 Mo. 103; St. Louis v. Kaime, 180 Mo. 309; State v. Butler, 178 Mo. 272. It is taxation and cannot be sustained as a police regulation. Luckey v. Kansas City, 169 Mo. App. 666. The legislative body of the city having defined the term "Lodging House," this definition is exclusive. St. Louis v. Weitzel, 130 Mo. 600. (2) Even if the ordinance referred only to business establishments it would be void as not being a fair and reasonable classification and not applying to all alike. St. Louis v. Weitzel, 130 Mo. 600; State ex rel. v. Switzler, 143 Mo. 333. And is an arbitrary division of a single class, that of lodging house keepers, into two parts without any reason therefor and placing restrictions upon one of such parts and not upon the other, contrary to law. State ex rel. v. Kimmel, 256 Mo. 642; State v. Baskowitz, 250 Mo. 107.

*Charles H. Daues* and *H. A. Hamilton* for respondent.

(1) The city has power under its charter to impose a license tax upon any business, vocation, pursuit, calling, animal or thing. Charter, Art. I, sec. 1, par. 24. Also to regulate the construction and materials of all buildings and structures; and to inspect all buildings, lands and places as to their condition for health, cleanliness and safety, and, when necessary, prevent the use thereof, and require any alterations or changes necessary to make them healthful, clean and safe. Charter, Art. I, sec. 1, par. 29. Also to do all things whatsoever expedient for promoting or maintaining the comfort, education, morals, peace, government, health, welfare, trade, commerce or manufactures of the city or its inhabitants. Charter, Art. I, sec. 1. par. 33. Also to impose license taxes on all occupations, business, or callings, and the enumeration of certain occupations, business and callings does not impair the general power of the city to impose a license tax upon such pursuits as are not specifically enumerated. Charter, Art. XX; City of St. Louis v. Baskowitz, 273 Mo. 545. (2) Where the charter authorizes a thing to be

done and an ordinance undertakes to carry out the power granted in the charter, the courts will lean to a construction which will uphold the ordinance. State v. Butler, 178 Mo. 311; St. Louis v. Weitzel, 130 Mo. 617. (3.) When it is plainly perceivable that a particular intention, though not precisely expressed, must have been in the minds of the legislator, that intention will be enforced and carried out and made to strictly control. State ex rel. Mutual Life Ins. Co. v. King, 44 Mo. 285. Doubtful words in a statute will be enlarged, restricted, supplied, or even stricken out in order to make them conform to the true intent of the lawmakers, when such intent is manifested by the aid of sound principles of interpretation. State ex rel. v. Sheehan, 269 Mo. 427. (4) Laws public in their object may be confined to a particular class of persons, if they be general in their application to the class to which they apply, provided the distinction is not arbitrary but rests upon sound reasons of public policy growing out of the condition or business of such class. Allen v. Pioneer Press Co., 40 Minn. 120; State v. Baskowitz, 250 Mo. 90.


MOZLEY, C.—There are three of these cases, and defendant was fined in each upon charges made by the city by information filed. The gravamen of the charges are that defendant operated three lodging houses in said city without paying a license tax and securing a permit from the proper authorities of said city authorizing him to do so. The cases were consolidated and tried as one upon an agreed statement of facts before Judge Krueger in the Court of Criminal Correction. What is here said, therefore, applies to each case alike. The ordinances under which the cases proceed are 28790-29555. The agreed statement of facts upon which the cases were tried, so far as necessary to quote, provides as follows:

"Sec. 1. *Lodging House—Definitions*. The term 'Lodging House' where used herein shall, (unless expressly otherwise indicated) be taken to mean and to include any building wherein lodging or sleeping quar-

ters for three or more persons in any one room are provided.

"Second. That ordinances 28790-29555 were duly enacted and, if valid and constitutional, were in force at the times charged.

"Third. That defendant, Samuel Murta, did on May 18, 1917, and at divers other days and times prior thereto, keep, conduct and operate three lodging houses in said city without a license or permit issued to him by the Board of Public Service of said city to keep any one of said three lodging houses.

"Fourth. That the defendant did not at any time apply for a permit or license to keep any of said three lodging houses as required by Ordinance 28790, and that he has not paid or offered to pay the annual fee provided for in section six of said ordinance."

The charges preferred by the informations amount merely to misdemeanors, but we take jurisdiction of the cases because the City of St. Louis is a political subdivision of the State. [Constitution, Art. 6, sec. 12; Straub v. City of St. Louis, 175 Mo. l. c. 414.]

Appellate Jurisdiction.

The questions presented for determination are:

(a) Whether or not said ordinance applies to all buildings having a room where sleeping quarters are provided for three or more persons irrespective of whether such room or building is operated as a business pursuit or a commercial establishment.

Valid Ordinance.

(b) Whether or not said ordinance is void as being unreasonable and discriminatory and not a fair classification of the business of conducting lodging houses and not applicable alike to all engaged in such business, in that it singles out for purposes of taxation only such keepers as shall provide sleeping quarters for three or more guests in one room.

Is the ordinance in question subject to the objection made against it? Is it void because unreasonable?

Section 1 of the ordinance applies expressly and solely to lodging houses wherein lodging or sleeping quarters for three or more persons in any one room are provided. This application is provided for in the ordinance (unless expressly otherwise indicated) and it is nowhere otherwise indicated therein. But conceding all of this to be true does section one of said ordinance, when properly construed, affect its validity?

The crux of the cases is as to how said section ought to be construed. Appellant says it must be construed so as to include within its terms private homes, charitable institutions, etc., which, under the charter of said city and the laws of the State, are not subject to a license tax, hence rendering it void. Respondent, contra, contends that it was not intended to include private homes, charitable institutions, etc., and if thus construed the true intent of the legislative department of the city will be made clear.

It cannot be presumed that the city was ignorant of its charter powers or that it deliberately intended to violate the organic law of the State or city. [State ex rel. v. Sheehan, 269 Mo. l. c. 427; Straughan v. Meyers, 268 Mo. l. c. 591; State ex rel. Aull v. Field, 112 Mo. 554; Glaser v. Rothschild, 221 Mo. l. c. 211; Perry v. Strawbridge, 209 Mo. l. c. 645; 36 Cyc. 1106; Grimes v. Reynolds, 184 Mo. 679; Laclede Const. Co. v. Moss Tie Co., 185 Mo. l. c. 62; State ex rel. v. Public Service Comm., 270 Mo. l. c. 442.

In the case of State ex rel. Sheehan, supra, it is said, by our Court in Banc: "It is our duty to resolve all doubts in favor of the validity of a legislative act, and we are reluctant to declare such act invalid. We indulge the presumption that the Legislature did not intend to violate the organic law of the State." (*Ex vi termini* the same reluctance to declare an ordinance duly enacted, void, and the same presumption of its validity would obtain in the instant cases). In the same case and on the same page it is further said: "We have frequently said

283 Mo.—6

that doubtful words of a statute will be enlarged, restricted, supplied or even stricken out in order to make them conform to the true intent of the lawmakers, when such intention is manifested by the aid of sound principles of interpretation."

In 36 Cyc. 1106, supra, it is said: "The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature."

The principle announced in the authorities quoted from and those cited, supra, is the established law of this State in construing legislative acts. We are of opinion that said ordinance is not susceptible of the interpretation contended for by appellant, since when interpreted in harmony with the powers possessed by the legislative department of the city no violence to or infringement upon the true meaning and intent of the lawmakers in adopting it exists. [State ex rel. v. Public Service Com., supra.]

We hold that said section does not include, and was not intended to include, private homes, charitable institutions, etc., and that it is valid and harmonizes with the title to, and context of, said ordinance. The contention of appellant is overruled.

In the agreed statement of facts made in the lower court it is conceded that if said Section 1 of said ordinance is valid appellant is guilty of having violated it, by operating three lodging houses in said city in defiance of the ordinance providing for the licensing and regulating of them.

No other complaint is raised and the information, trial, judgment and imposition of the fines appear from the record to be in all things regular, it only remains to affirm said cases, which is done.

Let it be so ordered. *White, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of Mozley, C., is hereby adopted as the opinion of the court. All of the judges concur.