FISCHBACH BREWING COMPANY, a Corporation, Appellant, v. CITY
OF ST. LOUIS, a Municipal Corporation, HARRY SCULLIN, Excise
Commissioner of the City of St. Louis, and OLIVER G. CHAPMAN,
License Collector of the City of St. Louis.—87 S. W. (2d) 648.

Division Two, November 5, 1935.

*William Waye, Jr.*, and *Allen, Moser & Marsalek* for appellant.

1046

*Charles M. Hay* and *E. H. Wayman* for respondents.

BOHLING, C.—Fischbach Brewing Company, a corporation, operating a brewery, with its place of business in the city of St. Charles, Missouri, seeks to restrain the city of St. Louis, the Excise Commissioner and License Collector of said city from enforcing against said corporation, its agents, servants and employees, the provisions of an ordinance (No. 40,274) of said city, effective about March 23, 1934, and providing, among other things, for the appointment of an excise commissioner of said city, for a license fee, tax or charge for the privilege of manufacturing intoxicating liquors for sale and consumption in said city for beverage purposes, or for the privilege of selling such liquors for resale to others in said city, for the issuance of the licenses by the license collector of said city (to whom said fees are payable), subject to the approval of said excise commissioner, who is charged with the duty of enforcing the provisions of the ordinance, and providing penalties for its violation. Defendants demurred on the ground the petition failed to state a cause of action. From a judgment sustaining said demurrer, plaintiff appeals.

Plaintiff corporation is engaged in the manufacture of beer containing in excess of 3.2 per cent of alcohol by weight, with its brewing or manufacturing plant and place of business located in the city of St. Charles, Missouri. It does not manufacture any part of its products or maintain any place of business, of nature whatsoever, in the city of St. Louis. The beer manufactured by plaintiff is sold, distributed and delivered in quantities of not less than one gallon by plaintiff, from St. Charles, to retailers, for resale by them, in said city of St. Louis, and elsewhere.

Section 10 of said ordinance, which is directly involved, provides: "For the privilege of manufacturing intoxicating liquors for sale and consumption in the city of St. Louis, for beverage purposes, or for the privilege of selling such intoxicating liquors for resale by any other person in the city of St. Louis, the following fees shall be charged: (a) for the manufacture and/or sale for such resale of beer with an alcoholic content in excess of 3.2 per cent by weight, Fifteen Hundred Dollars ($1500.00) per year in advance."

Section 25 [Laws Ex. Sess. 1933-34, p. 88] of the Liquor Control Act provides: "The Board of Aldermen, City Council or other proper authorities of incorporated cities may charge for licenses issued to manufacturers, distillers, brewers, wholesalers, and retailers of all intoxicating liquor, within their limits, fix the amount to be charged for such license, and provide for the collection thereof, make and enforce ordinances for the regulation and control of the sale of all intoxicating liquor within their limits, not inconsistent with the provisions of this act, and provide for penalties for the violation thereof."

Section 21 [Laws Ex. Sess. 1933-34, p. 84], of said act, providing for the procurement of a license from the Supervisor of Liquor Con-

trol, contains the following proviso: *"Provided further,* that manu- . facturers and blenders of intoxicating liquors shall not be required to take out a merchant's license for the sale of their products at wholesale at the place of manufacture, or in quantities of not less than one (1) gallon.''

Plaintiff's petition, in substance, further alleges that said ordinance in so far as it undertakes to levy, assess and exact a license fee from plaintiff (or others similarly situate) is in direct conflict with, and the enactment and enforcement thereof is directly prohibited by the aforesaid Section 25 and proviso to Section 21, and, hence, said ordinance is unconstitutional, null and void under the provisions of Sections 23 and 25 of Article 9 of the Constitution óf Missouri.

The jurisdiction of this court over this appeal challenges our attention. [See Sec. 12, Art. 6, and Secs. 3 and 5, Amend. of 1884, Constitution of Missouri, pp. 108 and 118, respectively, R. S. 1929, pp. 561, 641, 644, respectively, 15 Mo. Stat. Ann.] The only grounds on which a contention might possibly be urged that this court has jurisdiction are: where the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars [See Sec. 1914, R. S. 1929, Mo. Stat. Ann., p. 2587], in cases involving the construction of the Constitution of this State, or the revenue laws of this State, or where a county or other political subdivision of the State or any State officer is a party.

Heretofore we have assumed jurisdiction over appeals involving analogous issues when the city of St. Louis was a party of record on the theory said city was a "political subdivision" of the State within the meaning of Section 12, supra [See, among others, St. Louis v. Murta, 283 Mo. 77, 80, 222 S. W. 430(1), stating "we take jurisdiction of the cases because the city of St. Louis is a political subdivision of the State''], and have refused to assume jurisdiction, absent a live constitutional issue, of appeals involving ordinances, exacting a license fee or charge, of the city of St. Louis where said city was not a party of record [Mike Berniger Moving Co. v. O'Brien (Mo.), 234 S. W. 807, 812(2), transferring the case to the St. Louis Court of Appeals, 240 S. W. (Mo. App.) 481].

The appeal in the instant case was perfected March 6, 1935. Thereafter, June 5, 1935, in Lovins v. St. Louis, 336 Mo. 1194, 84 S. W: (2d) 127, this court *en banc,* in a full, yet concise, opinion by HAYS, Judge, recharted our course in assuming jurisdiction over appeals wherein said city of St. Louis may be a party of record on the theory said city constitutes a "political subdivision" of the State. That case held [l. c. 129] the city of St. Louis to be, in a qualified sense, insofar as it performs the functions of a county, a county, but in all other respects, and predominately, a city and not a county. The court said [l. c. 130(4)]: ''The sole and only section found in the amendment which *confers* upon St. Louis any rights, powers or func-

tions as a *quasi* county or political subdivision of the State in Section 23 (R. S. 1929, p. 131), of which the relevant part reads: 'The city, as enlarged, shall be entitled to the same representation in the General Assembly, collect the State revenue and perform all other functions in relation to the State, in the same manner, as if it were a county as in this Constitution defined.' Under the maxim *ejusdem generis* 'all other functions' must be interpreted as comprising functions of the same general nature as those specified in connection with that phrase, and the intended functioning means normal action in relation to the matter specified and others of the same nature. A county, as a governmental unit composed of the people resident within its prescribed territory, can only function concerning affairs committed to it as a governmental unit. It has nothing to do with the purely corporate or nongovernmental affairs of the city as such and no functions concerning them to perform. The city of St. Louis, insofar as its county functions extend, is coequal in that respect with all other counties in the State but not different therefrom. Constitutionally, while St. Louis in its entirety is of a dual nature, it is in no sense either a super-city proper or a super-county. It is the declared purpose of said Section 23 that the charter of the city shall always be in harmony with the Constitution and subject to the laws of the State.

"[5] Nor is there to be found in the amendment any basis to support the view that the amendment contemplated, or made provision for, any greater or different right of appeal in matters concerning the city's ministerial or nongovernmental capacity, *or its rights, powers, obligations, or more especially duties, as a city proper.* On the contrary, *the matter quoted above constitutes in effect a limitation upon the city as an entirety in respect of appeal and confines the same by implication to county rights and functions.*" (Italics ours.)

Plaintiff contends it is a manufacturer within the meaning of Section 25, supra, of the Liquor Control Act, and that, being located in St. Charles and having no place of business in St. Louis, it is not a manufacturer or wholesaler subject to the provisions of said ordinance, especially Section 10, supra, imposing a license tax or charge "for the manufacture and/or sale of such resale of beer." On the other hand, defendants contend the city of St. Louis is attempting "to exact of plaintiff a license fee for sales which are made and consummated by the plaintiff at wholesale wholly within the city of St. Louis." The city of St. Louis in the enactment of the ordinance here involved proceeded under the authority delegated by said Section 25, acted in its capacity as a municipality and not in the exercise of any governmental function of a county. The authority to exact a charge for licenses issued to "manufacturers" or "wholesalers" of all intoxicating liquor, fix the amount to be charged for such license,

and provide for the collection thereof, as well as to make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors within their limits, and provide for penalties for the violation thereof, was vested by said Section 25 *only* in the board of aldermen, city council or other proper authorities of incorporated cities. Under the authority of Lovins v. St. Louis, supra, this appeal, insofar as the city of St. Louis being a party of record is concerned, involves municipal, not county, rights and functions, and is governed by like rules of law applying to appeals wherein other municipalities of the State are parties of record.

So far as affirmatively disclosed the amount involved is the license fee of fifteen hundred dollars, which does not bring the appeal within our jurisdiction.

As to the constitutional issue. Section 23 of Article 9 of the Constitution of the State of Missouri, speaking of the charter of the city of St. Louis, provides: ''Such charter and amendments shall always be in harmony with and subject to the Constitution and laws of Missouri.'' The provision refers to the charter of the city of St. Louis. Section 25 of said article provides: ''Notwithstanding the provisions of this article, the General Assembly shall have the same power over the city and county of St. Louis that it has over other cities and counties of this State.'' The constitutional issue is of a general nature. All ordinances of all municipalities of the State are subject to like restrictions. If the ordinance conflicts with or is in contravention of the statutory authority delegated it is void because it exceeds such statutory authority. The issue turns on a construction of the statutory law of this State rather than a construction of a constitutional provision with which the ordinance may or may not conflict. Courts of Appeal have jurisdiction to construe statutory enactments whenever necessary to a decision of an appeal within their jurisdiction. [Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428, 430(2).] The general rule of law that a municipality may not validly enact an ordinance which violates provisions of the Constitution of this State (or contravenes the statutes of this State) [St. Louis v. Dreisoerner (1912), 243 Mo. 217, 223, 147 S. W. 998, 999; Wood v. Kansas City (1901), 162 Mo. 303, 309, 62 S. W. 433, 434; Paris v. Graham (1862), 33 Mo. 94] has been the settled law of this State so long that it may not at this late date serve as a foundation to vest appellate jurisdiction in this court [Richmond v. Creel, 253 Mo. 256, 257, 161 S. W. 794, 795(3); State ex rel. v. American Surety Co. (Mo.), 210 S. W. 428, 429(2); Trembley v. Fidelity & Casualty Co. (Mo.), 223 S. W. 887, 888(1)]. Defendants, frankly conceding that the ordinance must not be inconsistent with the State law, do not debate the issue.

A State officer is not a party to the suit. The city in the enactment of the ordinance acted under statutory authority delegated to mu-

1052

nicipalities. The duties imposed upon officers of the city under said ordinance, limited by the statutory delegation of authority, of necessity embrace duties of a municipal nature only. This provision of the Constitution has reference to officers whose official duties and functions are coextensive with the State [State ex rel. v. Hoffman, 313 Mo. 667, 670, 288 S. W. 16, 17(3); and see State ex rel. v. St. Louis Board of Health, 90 Mo. 169, 170, 2 S. W. 291; State ex rel. v. Higgins, 144 Mo. 410, 412, 46 S. W. 423].

It has been expressly held that a case involving the power of a city to impose a license tax or charge under delegated statutory authority does not involve a construction of the revenue laws of this State within the meaning of Section 12, Article 9, of the Missouri Constitution [St. Joseph v. Metropolitan Life Insurance Co., 183 Mo. 1, 8, 81 S. W. 1080, 1082; Richmond v. Creel, 253 Mo. 256, 161 S. W. 794, 795(4); and see Mike Berniger Moving Co. v. O'Brien, supra].

We are unable to find any sufficient foundation for assuming jurisdiction over this appeal. Disposing of the appeal upon its merits might have taken less effort and time. However, we have repeatedly ruled we should not rule on the merits of an appeal over which we have no jurisdiction; and, therefore, this cause should be transferred to the St. Louis Court of Appeals. It is so ordered. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.