QUINETTE v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Municipal Ordinances**: RULES OF CONSTRUCTION. The charter and ordinances of a city stand in the same relation to each other as the constitution and statutes of a state, and the rules applicable in deciding questions of conflict between the latter may be resorted to to determine similar questions between the former.

2. ——: ——: PAY OF OFFICERS OF ELECTION. Where a city charter provided that judges of election should receive no pay, and repealed all existing ordinances inconsistent with its provisions; *Held*, that an ordinance then in force providing for the pay of judges and clerks of election was repealed only so far as it related to the judges, and the clerks were entitled to pay at the rate fixed by the ordinance.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

*M. L. Gray* for respondent.

HOUGH, C. J.—This is an action on a number of claims assigned to the plaintiff to recover the compensation alleged to be due to the persons therein named, under an ordinance of the city of St. Louis, approved March 31st, 1871, for services as clerks at an election held in the city of St. Louis on the first Tuesday in April, 1877. The court of appeals affirmed the judgment of the circuit court, which was for the plaintiff.

It is contended for the city, that the ordinance under which compensation is claimed, is inconsistent with the

city charter adopted October 21st, 1876, and was repealed by it. That portion of the ordinance, upon which plaintiff relies, is as follows: "At a general election, when there is a full ticket of all the city officers to be elected, the pay of each judge and clerk shall be $8; at a general election when only aldermen are to be elected $6; and at all special elections $4." The sections of the charter which it is contended repeal the foregoing provision, are as follows: "The mayor, at least ten days before every election held in the city, shall appoint four competent persons to act as judges of election, not more than two of whom shall belong to the same political party, and two persons of different politics to act as clerks at each election district in the city."

*       *       "Provided, further, that every judge of election, serving as such at any general election held under this charter, shall be exempt from jury service for one year from the date of said general election; and, provided, further, that no judge of election shall receive any compensation for his services as such judge." 2 R. S., p. 1578. Also section 1 of article 16 of said charter, as follows: "All ordinances in force at the time this charter and scheme go into operation, not inconsistent therewith, shall remain in full force until altered or repealed by the assembly, and all rights, actions, prosecutions and contracts of the city, not inconsistent therewith, shall continue to be valid as if this scheme had not been adopted. 2 R. S., p. 1625.

The ordinance provides that each judge and clerk shall receive compensation; the charter provides that the judges shall not receive compensation. The ordinance is inconsistent with the charter, only so far as the judges are concerned. We do not think it was the purpose of section 1, article 16 of the charter, to declare that if any single section of an existing ordinance, or any clause therein, is inconsistent with the charter, the entire ordinance is repealed, or that if a single clause in a section is inconsistent

with the charter, the entire section containing such clause is repealed.

The charter of a city bears the same relation to the ordinances of a city, that the constitution of a state bears to its statutes, and the general rule applicable to unconstitutional statutes, is, we think, applicable to the case at bar.

In the *County Court of St. Louis Co. v. Griswold*, 58 Mo. 199, it was said that, " Where a clause in an act is rendered invalid on account of some constitutional prohibition, that will be stricken out or disregarded, but the other parts that are not liable to any such objection, will remain good, and the act will be enforced, provided enough is left to put it in operation and carry out the object had in view in its enactment." In the case before us, the provision made for the compensation of the judges, is distinct and separate from that made for clerks, and the latter can stand though the first may fall; and these provisions are not so essentially and inseparably connected in substance as to raise the presumption that one was not intended to stand without the other. We are of opinion that the clause of the ordinance providing compensation for the clerks of elections is not repealed by the section of the charter above quoted, and the judgment of the court of appeals will, therefore, be affirmed. The other judges concur.