KANSAS CITY, Appellant, v. J. P. HALLETT, Respondent.

Kansas City Court of Appeals, November 5, 1894.

1. **Municipal Corporations**: ORDINANCES IN CONFLICT WITH STATE STATUTE. It is a well understood principle of the common law that the ordinances of a municipal corporation to be of any validity must be consistent with its charter and the general statutes of the commonwealth creating it, and must not be repugnant to the legislative policy of the state.

2. ———: ———: PENALTIES. The ordinance of Kansas City relating to the prohibition of the lottery business is in substantial harmony with the statute of the state on the same subject, and the fact that such ordinance provides a more definite fine or penalty than the statute, does not create any repugnancy between them. Authorities reviewed.

*Appeal from the Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*C. E. Burnham* and *F. F. Rozzelle* for appellant.

(1) It is fundamental that an ordinance or by-law, to be valid, "the books say:" *First.* Must not be inconsistent with the charter of the corporation. *Second.* It must not be inconsistent with the law of the state. *Third.* It must not be repugnant to funda-

mental rights.    Among the powers granted the city by
its charter of 1889, appear the following: "10th subdi-
vision of section 1, of article 3, city charter of Kansas
City, Missouri;   31st subdivision, section 1, article 3,
General Welfare; also 32d subdivision section 1, article
3.    (2)   It can not be consistently contended that
the   corporation   entrenches upon the domain of state
legislation in passing the ordinance in question.    That
the jurisdiction is concurrent is too well settled in
our state for further comment.    *City of St. Louis
v. Bentz*, 11 Mo. 61; *St. Louis v. Cafferata*, 24 Mo.
94; *Independence v. Moore*, 32 Mo. 392; *City St.
Louis v. Shoenbusch*, 95 Mo. 618; Horr & Bemis, Mun.
Pol. Ord., sec. 89, p. 78; Bish.,[Crim. Law, sec. 879*a*;
Bish., State Crim., secs. 23, 25.    And the court first
obtaining jurisdiction becomes exclusive.    R. S. 4056.
And a judgment in one court is a bar to any prosecu-
tion in the other.    37 Mo. 360; 68 Mo. 591.    Hence the
more  reason why the city should be empowered to pro-
vide a penalty different from statute.

*Buckner, Bird & Lake* for respondent.

(1)   The  ordinance  in  this   case  under  which
respondent was arrested is invalid, because not in har-
mony with, or in conformity to, section 3833 of the
state law on the same subject.    Sec. 16, art. 9 of the
constitution; *City of Warrensburg v. McHugh*, 27 S.
W. Rep. 523.    (2)   We insist that this ordinance is
not in harmony with, or consistent with, the state law
because the minimum  penalty is twenty-five  times
greater, and the maximum  penalty is only one-half
as great as the state  law.    To be in harmony with,
and consistent with, the state statute it must have the
same penalty.    The courts have held that where the
minimum penalty is greater than that fixed by the state

statute, the ordinance is not in harmony with, or consistent with, the state statute upon the same subject. A different maximum penalty would be productive of as much disharmony , inconsistency and conflict as a different minimum penalty. These, both minimum and maximum, penalties differ from the state law. *Petersburg v. Grigsby*, 21 Ill. 204; *Landis v. Brough*, 23 Atl. Rep. 357; *Ex parte Solomon*, 27 Pac. Rep. 757; *In re Ah Yon*, 25 Pac. Rep. 974; *State v. Simons*, 3 Mo. 414; *State v. Pague*, 4 Mo. 377; *State v. Cowan*, 29 Mo. 330; *State v. Thornton*, 37 Mo. 361; *Kansas City v. Clark*, 68 Mo. 590, opinion by Judge Hough; *State v. Snyder*, 98 Mo. 560; *St. Louis v. Schoenbusch*, 95 Mo. 619. In either case, if the penalty is not the same as that fixed by the state statue it is inconsistent with, and out of harmony with, the state law and hence is void.

GILL, J.—On the information of the city attorney defendant Hallett was prosecuted before the police court of Kansas City for the conduct of a lottery business contrary to an ordinance of said city. At a trial before the police judge he was found guilty, fined $200, and then on the defendant's appeal the cause was taken to the criminal court. There the court, on defendant's motion, quashed the complaint for the alleged reason that the ordinance on which the same was founded was repugnant to, and in conflict with, the state law pertaining to the same subject-matter. The city has appealed.

There is in Kansas City an ordinance intended to suppress the sale or exposure to sale, within the city's limits, of lottery tickets wherein the penalty for each offense is fixed at "not less than $25 and not more than $250." There was at the passage of this ordinance, and is yet, a general statute applying to the entire state, wherein the like offense is prohibited under a prescribed penalty of a sum of "not exceeding $1,000." Sec.

3833, R. S. 1889.   The defendant successfully con-
tended in the lower court, that the city ordinance was
inconsistent with the state law and therefore void,
because the punishment provided for the violation of
the former was not the same as that in the latter.
The correctness of that ruling is the matter for our
decision.

In our opinion the trial court committed error.   It
is not necessary to invoke the terms of the constitution
to announce that the by-laws of a municipal corpora-
tion in order to be of any validity, must be consistent
with its charter and the general statutes of the com-
monwealth creating it.   This is a well understood
principle of the common law.   Such ordinances or
by-laws must not be repugnant to the legislative policy
of the state, as manifested by its general enactments.
1 Dill. on Municipal Corporations [4 Ed.], section
329; Tiedeman on Municipal Corporations, section 150.

The ordinance in question is in no way repugnant
to the spirit and policy of the state statute relating to
the same subject-matter.   It is the obvious purpose of
both ordinance and statute to prohibit the lottery busi-
ness.   They are then in substantial harmony.   It is
true that in order to *enforce* the provisions of the
ordinance—to carry out the general design of sup-
pressing such vicious and demoralizing traffic—the city
authorities have seen proper to provide a more definite
fine or penalty than is named in the general statute.
But this does not create any repugnancy or want of
harmony between the local and general legislation on
the subject.   If Kansas City had provided by ordi-
nance for licensing lottery shops, and thereby permit-
ted the business to be conducted under the sanction of
the city authorities, then clearly such ordinance would
have been repugnant to, and inconsistent with, the
state law, the design of which is to suppress or pro-

hibit, and not to license.   But such is not the condition of this legislation; the scope and purpose of statute and ordinance is the same.   We do not think the mere difference in the amount of fines or penalties provided for in the city ordinance and the general statute should be deemed such want of harmony or repugnance as will invalidate the ordinance.

We find no adjudication in this state dealing with this precise question.   We feel fortified in our position, however, when we discover that the question was open in numerous cases passed on by the appellate courts of Missouri and where it seemed conceded by court and counsel that a difference in fines or penalties for the enforcement of ordinances and statutes did not bring about such want of harmony as to render the ordinance invalid.   For example, in *St. Louis v. Cafferata*, 24 Mo. 94, the defendant was prosecuted for the violation of a city ordinance prohibiting stores and shops to be kept open on the Sabbath, wherein the fine was fixed at not less than $3 nor more than $100, while the punishment by the state law for the same offense was placed at a fine of not exceeding $50.   On the question of alleged inconsistency between the local and general law, the court, by Judge LEONARD, uses this language: "The general legislature have regulated the subject for the whole state as they deemed proper, and the city government have made such local regulations as they thought fit for the good order and peace of the city. The provisions of the two laws are different, but there is no such inconsistency between them as to annul or in any way affect the provisions of the local law."

In *St. Louis v. Schoenbusch*, 95 Mo. 618, the defendant was charged with the violation of an ordinance prohibiting cruelty to dumb animals, wherein the fine was fixed at not less than $20 nor more than $100 for each offense.   In the general statute the pun-

ishment was placed at confinement in the county jail not exceeding one year or a fine not exceeding $100, or both such fine and imprisonment. It was there said, that "it is a well settled law of this state that municipal corporations may, by ordinance, prohibit acts which are misdemeanors under the general statutes of the state; and for a violation of such ordinances the city may maintain a proceeding in its own name to impose and collect a fine." The ordinance was sustained though the punishment was quite different from that provided in the general law relating to the same subject.

In *Ex parte Kiburg*, 10 Mo. App. 442, *City of Linneus v. Dusky*, 19 Mo. App. 20, and in *Kansas City v. Neal*, 49 Mo. App. 72, and numerous other cases which may be found in our reports, mere discrepancies in ordinances and the general statutes relating to mode of punishment or extent of fines, were not supposed to impair the validity of such ordinances. *Ex parte Kiburg, supra*, was a prosecution for the same character of offense as that with which the defendant here is charged, and the St. Louis ordinance, prohibiting the running of lottery shops, was not considered repugnant to the general law, though the extent of punishment was quite different.

We find decisions in other jurisdictions in harmony with the above. In *Rogers v. Jones*, 1 Wend. 261, it is said: "If the legislature have passed a law regulating as to certain things in a city, I apprehend the corporation is not thereby restricted from making further regulations. Cases of this kind have occurred and never been questioned on that ground. The legislature have imposed a penalty of $1 for servile labor on Sunday; the corporation of New York has passed a by-law imposing the penalty of $5 for the same offense. Suits to recover the penalties have been sustained

under the corporation law. It is believed that the ground has never been taken that there was a conflict with the state law." See, also, *Ex parte Taylor*, 87 Cal. 91, where it is held, that an ordinance of a city prescribing a penalty for obstructing a street was valid and not in conflict with a general law on the same subject, although the fine was in a different sum than that named in such general statute. To the same effect is *City of Pekin v. Smelzel*, 21 Ill. 464, 469.

Some of the authorities cited and relied upon by defendant's counsel might seem, at first blush, to sustain his position; but when carefully examined it will be seen that none of them go to the extent contended for. *Petersburg v. Netzker*, 21 Ill. 204, and *Landis v. Vineland*, 54 N. J. Law 75, are cases where the ordinances were held to have transcended the express limits of charters of the corporations. And in the two California cases (*In re Ah Yon*, 88 Cal. 99, and *Ex parte Solomon*, 91 Cal. 44) the ordinances were condemned as unreasonable and void. We fail to discover any such vice in the ordinance here in question.

The objection to the jurisdiction of the police court is not well taken. Section 4056, Revised Statutes, 1889, has no application. It is there provided that police courts in cities of fifty thousand to three hundred thousand population shall not have or exercise jurisdiction in cases of misdemeanors *"for violation of the general laws of the state."* This is not a prosecution of that nature. It is an action to enforce a penalty for the alleged violation of a *city ordinance*.

The judgment then of the criminal court will be reversed and the cause remanded to be proceeded with in accordance with this opinion. The judges all concur.