STATE ex rel. S. SHEFFEL, Relator, Appellant, v. ROBERT M. McCAMMON et al., Respondent.

Kansas City Court of Appeals, April 3, 1905.

1. **FOURTH CLASS CITIES: Dramshop: Statute: Ordinance.** Without special charter authority an ordinance cannot be enacted inconsistent with the general State law; and section 2993, Revised Statutes 1899, establishes a general State policy upon the subject of dramshop licenses which can not be overthrown by an ordinance requiring a petition to be signed by two-thirds of the inhabitants of the town as well as of the block.

2. ———: ———: **Regulation: Prohibition.** Regulation contemplates the continuance of the subject-matter, prohibition implies its entire destruction; and the latter is distinctively provided for by the local option act under which alone municipalities may establish prohibition.

3. ———: ———: ———: ———. An ordinance of a city of 2000 inhabitants requiring a dramshop petition to be signed by two-thirds thereof is unreasonable, since it is virtually an absolute prohibition.

4. ———: ———: **License: Discretion: Mandamus.** Where the proper qualification exists and other proper prerequisites have been complied with, there is no discretion in the Board of Aldermen in granting a dramshop license and mandamus is the remedy. State ex rel v. Stiff, 104 Mo. App. 685 distinguished.

Appeal from Gentry Circuit Court.—*Hon. Wm. C. Ellison, Judge.*

REVERSED AND REMANDED.

*Peery & Lyons* for appellant.

(1) A municipality has no powers except those expressly granted in its charter, and its ordinances must be consistent with its charter powers, and in harmony with the general laws of the State relating to the same subjects. Wood v. Kansas City, 162 Mo. 303; Paris v. Graham, 33 Mo. 94; Quinette v. St. Louis, 76 Mo. 402; Kansas City v. Hallett, 59 Mo. App. 160; Dillon Mun. Corp. sec. 319; State v. Fladd, 23 Mo. App. 185; Ex parte Joffee, 46 Mo. App. 367 loc. cit.

(2) "The ordinances of the city relating to this subject are subordinate to the laws of the State by which the same subject is regulated." State v. Hudson, 13 Mo. App. 63; Kansas City v. Flanders, 71 Mo. 281; State v. Harper, 58 Mo. 530; Weber v. Lane, 99 Mo. App. 69; Ex parte Joffee, 46 Mo. App. 360; Black on Intoxicating Liquors, secs. 223, 224, 225; 17 A. & E. Enc. L. (2 Ed.), pp. 280, 281.

(3) If the charter of a municipal corporation grants it only the power to " regulate and license" the sale of intoxicating liquors, and the laws of the State recognize the traffic as legal and prescribe certain definite rules to govern it, such municipal corporation has no power to prohibit the granting of dramshop licenses and any ordinance passed to accomplish that end will be void. Black on Intoxicating Liquors, sec. 227; George v. Winchester (Ky.), 80 S. W. 1158; 17 A. & E. Enc. L. (2 Ed.), pp. 285, 286, and cases there cited; Ex parte Hinkle, 104 Mo. App. 104; 1 Dillon Mun. Corp. (3 Ed.), sec. 357, p. 357 note 2; Id. sec. 363 and notes; Berry v. Cramer, 58 N. J. Law 278; Steffy v. Monroe City, 135 Ind. 466; Champer v. Greencastle, 138 Ind. 339; Robinson v. Mayor, 1 Humph. (Tenn.) 156; Ex parte Burnett, 30 Ala. 461; Hill v. Commissioners, 22 Ga. 203.

(4) Section four of the new ordinance, which is attacked in this case, requiring a petition for a dramshop license to be signed by a majority or two-thirds of

the citizens of a city of 2500 inhabitants, in view of the legislative policy of the State on the same subject, is so unreasonable that the courts will be justified in declaring it absolutely void. Springfield v. Starke, 93 Mo. App. 70; Hannibal v. Tel. Co., 31 Mo. App. 23; Zumwalt v. Railroad, 71 Mo. App. 670; St. Louis v. Heitzeberg & Co., 141 Mo. 375. (5) Mandamus is the proper remedy to compel the issuance of dramshop license when the applicant has complied with all the requirements of the city ordinances and the laws of the State. State ex rel. v. Baker, 32 Mo. App. 98; Kansas City v. Flanders, 71 Mo. 248 loc. cit.; State ex rel. Fitzpatrick v. Meyers, 80 Mo. 601; Bean v. County Court, 33 Mo. App. 635; State ex rel. Strother v. Chase, 42 Mo. App. 343; George v. Winchester, 80 S. W. Rep. 1158 (Ky. 1904) ; 17 A. & E. Enc. L. (2 Ed.), pp. 257, 330; 19 Id., pp. 862, 867; Hill v. Commissioners, 22 Ga. 203; State ex rel. v. Flad, 23 Mo. App. 185; Black on Intoxicating Liquors, sec. 172; State ex rel. v. Ashbrook, 154 Mo. 384 l. c.

*Patton & Reeves* and *W. F. Dalbey* for respondent.

(1) Where an ordinance has been passed in pursuance of a power expressly given to a city of the fourth class by its charter it will not be held unreasonable and void by the courts unless it is very clearly and flagrantly unreasonable and oppressive, and every intendment will be indulged in favor of its validity. Verdin v. St Louis, 131 Mo. 26; Ex parte Kiburg, 10 Mo. App. 442; Kansas City v. Hallett, 59 Mo. App. 160; Kansas City v. Sutton, 52 Mo. App. 398; Lamar v. Weidman, 57 Mo. App. 507; Morse v. Westport, 136 Mo. 276; St. Louis v. Green, 6 Mo. App. 591; Tiedeman on Mun. Corporations, sec. 159; State ex rel. v. Hdw. Co., 109 Mo. 118. (2) In acting upon applications to keep dramshops, boards of aldermen of cities act judicially and are empowered by law to exercise a sound discretion therein, which discretion

cannot be controlled by mandamus.  Austin v. State, 10 Mo. 591; State ex rel. Kyger v. County Court, 39 Mo. 521; State v. Searcy, 20 Mo. 489; State ex rel. v. Hudson, 78 Mo. 302; State ex rel. v. Stiff, 104 Mo. App. 685; State ex rel. Herman v. Flad, 108 Mo. 614; County v. County Court, 23 Mo. 449; State ex rel. Betts v. Megown, 89 Mo. 156; State v. Oliver, 116 Mo. 188; State ex rel. v. Higgins, 84 Mo. App. 535; State ex rel. Campbell v. Cramer, 96 Mo. 75.  (3)  Section 2993 R. S. 1899, in so far as it constitutes an exception to the general rules of the dramshop law of this State, must be strictly construed, and its scope of application cannot be so enlarged by construction as to make it applicable to boards of aldermen of cities of the fourth class. Smith v. Haworth, 53 Mo. 88; State ex rel. v. Fisher, 119 Mo. 344; Davenport v. Hannibal, 120 Mo. 150; State v. Green, 24 Mo. App. 227; Louis v. Herthel, 14 Mo. App. 467; Fairbanks v. Long, 91 Mo. 628.

ELLISON, J.—This is a mandamus proceeding to compel respondents, who are the mayor and board of aldermen of the city of Albany, Missouri, to issue to relator a license to keep a dramshop within the limits of such city.  A motion to quash the writ and dismiss the petition was sustained by the circuit court and the relator took an appeal.

The facts stated in the petition are that the city of Albany contains more than two thousand inhabitants. That relator possessed all the necessary qualifications to become a dramshop keeper and that he presented a proper application and bond, and also a petition containing more than two-thirds of proper petitioners in the block in such city in which he proposed to keep his dramshop. In short, under the demurrer or motion to quash which admits the allegation of the petition, the relator is entitled to his license under the provisions of section 2993, Revised Statutes 1899, unless the question is controlled

by an ordinance of said city set out in relator's petition, whereby applicants for dramshops were required to obtain two-thirds of qualified petitioners in the entire city instead of only the block in which the shop was to be located.

The statute, just cited, established a general state policy upon the subject of dramshop license by requiring that in cities of over two thousand population, upon a proper application and petition, it became the duty of the county court to grant a license (Scarritt v. Jackson County, 89 Mo. App. 585), the performance of which could be compelled by mandamus. State ex rel. v. Meyers, 80 Mo. 601. Respondents do not controvert that proposition, but contend that such law does not apply to a city license; that as to the city, the proper authority therein has a discretion whether a license will be granted and that even though a party possessed proper qualifications and presents a two-thirds petition of the block where he proposes to operate his dramshop, as required by the statute, yet the city may refuse the license on the ground that he did not present a wholly different petition as required by an ordinance; in this case a petition of two-thirds of the whole city. They claim that Albany being a city of the fourth class is governed by the charter for such cities found in article 5, of chapter 91, Revised Statutes 1899, section 5957 of which provides that such cities, "have power to enact and ordain any and all ordinances not repugnant to the Constitution and laws of this State." And section 5978 of which provides, that such cities "shall have power and authority to regulate and to license, and to levy and collect a license tax on . . . dramshops, saloons and liquor sellers."

We are of the opinion that the charter powers relied upon do not confer authority upon the city to overturn the general law on the subject of dramshops. Indeed, the charter itself, as above quoted, shows that the city has no power to pass ordinances on any subject which

are repugnant to the laws of the State. So therefore when the State law says that a license shall be granted on the petition of two-thirds of the inhabitants of a block, the board of aldermen have not the authority to say that there shall be a petition of two-thirds of the entire city. Though the city is authorized to regulate a dramshop, it cannot regulate it in those particulars which would be inconsistent with the regulations made by the State. For instance, it is a part of the State regulation that dramshop keepers shall not sell· to minors, nor to habitual drunkards. Nor shall they keep open on Sunday, or keep music halls or gambling devices; nor shall they allow sparring contests or cockfighting. Certainly, a city of the fourth class, under the charter power to regulate dramshops above mentioned, could not, by ordinance, permit such things. The law has been frequently stated by our appellate courts that unless expressly stated in the charter to the contrary, valid ordinances cannot be ordained when inconsistent with the general State law. Wood v. Kansas City, 162 Mo. 303; Town of Paris v. Graham, 33 Mo. 94; Quinette v. St. Louis, 76 Mo. 402; Kansas City v. Hallett, 59 Mo. App. 160; Dillon on Munic. Corp., section 319; State v. Flad, 23 Mo. App. 185; Weber v. Lane, 99 Mo. App. 69. The law is stated by Black on Intoxicating Liquors, section 223, in accord with these cases. He says:

"The powers conferred upon a municipal corporation must be exercised in conformity to the general laws of the State, unless it is clear that the exclusive control of the subject is given to the municipality or that the general law is to be superseded or suspended by the charter. A statute granting authority to a city to pass ordinances in relation to the liquor traffic does not repeal the general laws on that subject. The rule is that the municipal ordinances cannot set aside, limit or enlarge the statute law of the State, unless its power to do so can be shown in express terms or by necessary implication." And again at section 224 the same author says:

"Whenever a change of policy takes place in the State on the subject of its liquor legislation, by the adoption of a different system—as when general prohibition, or prohibition for particular localities is enacted by a constitutional amendment of general statute, or when the Legislature provides a uniform and general system for the licensing of the traffic—this has the effect to repeal all inconsistent provisions in municipal charters and the ordinances adopted under them."

Under power conferred on cities of the fourth class " to regulate and to license" dramshops, there is no authority to wholly prohibit or suppress. Where there is mere power in a municipality to regulate in a State with a general policy of conducting licensed saloons, authority to prohibit is excluded. "The difference between regulation and prohibition is clear and well marked. The former contemplates the continuance of the subject-matter in existence or in activity; the latter implies its entire destruction or cessation." Black on Intox. Liq., section 227; 17 Amer. & Eng. Ency. Law (2 Ed.), pp. 285, 286; 1 Dillon on Munic. Corp. (3 Ed.), section 357, note 2, section 363 and notes; Berry v. Cramer, 58 N. J. Law 278; Steffy v. Monroe City, 135 Ind. 466; Champer v. Greencastle, 138 Ind. 339; Ex parte Hinkle, 104 Mo. App. 104.

Aside from the foregoing consideration, we have a distinctive policy in this State on the subject of prohibition, enacted by statute, popularly known as the local option law, whereby localities named may adopt a prohibitory law for a certain period of years. Art. 3, chap. 22, R. S. 1899. In the absence of express charter enactment conferring the power, municipalities cannot establish prohibition except by compliance and under the terms of that law.

There are, however, regulations which a municipality may impose which would not be inconsistent with or repugnant to the general State law. Respondents claim that to require a two-thirds  majority  petition of the

whole city in addition to the block ought not to be considered as out of harmony with the State law. We think that it is. Practically, it is indirect prohibition. To ordain a requirement that cannot reasonably be complied with, is but a method of bringing about absolute prohibition. Besides, an ordinance (not directly authorized by charter) which is unreasonable is void for that cause. To require one, every year, to procure a two-thirds majority petition in cities of over two thousand inhabitants would be a task in many such cities practically impossible to perform; and even in cities of the minimum population, would be altogether unreasonable.

But it is a part of respondents' contention that granting a dramshop license as a matter of discretion lodged with the board of aldermen, and that matters discretionary cannot be controlled by mandamus. It is true that in case where the authorities have a discretion in the matter, mandamus will not lie. But in cases like the present, where the proper qualifications exist and the proper prerequisites have been complied with, there is no discretion and mandamus is the remedy. State ex rel. v. Meyers, 80 Mo. 601; Scarritt v. Jackson County, 89 Mo. App. 585; State ex rel. v. Ashbrook, 154 Mo. 375; Bean v. County Court, 33 Mo. App. 635; Black on Intoxicating Liquors, section 172.

The case of State ex rel. v. Stiff, 104 Mo. App. 685, recently decided by this court, has no application to either branch of this case. In that case a town of less than two thousand inhabitants was involved. To such towns, the mandatory provisions of the statute do not apply and a discretion exists with the authorities as to granting licenses for saloons, whether they be county or municipal.

We conclude that the relator's petition should not have been dismissed and the judgment will be reversed and cause remanded. All concur.