THE STATE OF MISSOURI ex rel. HANKS & MILLER, Appellants, v. A. M. PACKETT et al., Respondents.

**Kansas City Court of Appeals, May 3, 1909.**

1. DRAMSHOPS: Application for: Mandamus: Voters. In a city containing a population of two thousand or more an application for a dramshop license containing the proper names of two-thirds of the taxpaying citizens, etc., as shown by the last previous annual assessment and vote of the city, makes the issuing of a license mandatory on the county court, and mandamus is the proper remedy to compel such action of the court; and the petition under review is held insufficient, since it does not state the petitioners were qualified as such by the last "vote of the city."

**On Motion for Rehearing.**

2. ——: ——: ——: ——. *Held,* the foregoing opinion is in accord with and not in conflict with previous opinions of the courts.

3. ——: ——: ——: ——. *Held,* further, the application for a license and the petition for mandamus presented by relators are also fatal in failing to show the petitioners were qualified by the last vote of the city, and the petitioners could not have shown such fact under the pleading.

4. ———: ———: ———: ———. *Held,* plaintiff's petition for mandamus was based on the theory that the application for granting the license was mandatory under the statute.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*F. B. Ellis* and *E. C. Hall* for appellants.

(1) Mandamus is proper to compel the judges of a county court to hear and determine relators' petition for dramshop and to require them to grant the license. Bean v. Barton Co. Court, 33 Mo. App. 644; State ex rel. v. Nodaway Co. Court, 80 Mo. 601; Sheridan v. Fleming, 93 Mo. 322.

*H. T. Herndon, Frost & Frost* and *W. S. Herndon* for respondents.

(1) Before the appellants could compel the issuance of a license, they must put themselves within the terms of section 2993, Revised Statutes 1899. Neither the petition for such license puts them within the terms of said section 2993. It is neither alleged nor proved that the petition for the dramshop license was signed by "two thirds of the assessed taxpaying citizens who are voters and appear to be such taxpayers and voters on the last annual assessment and last vote, as well as guardians of minors who own real estate. R. S. 1899, sec. 2993; Scarritt et al. v. Jackson County, 89 Mo. 594; State ex rel. v. McCammon, 111 Mo. App. 629; State v. Kessels, 120 Mo. App. 246.

ELLISON, J.—The relators filed their petition for a writ of mandamus in the circuit court of Clinton county, to compel the county court of that county to grant them a license to keep a dramshop in the city of Plattsburg, a city of over two thousand inhabitants in

such county. The circuit court refused a peremptory writ and relators appealed.

The respondents claim, among other reasons for refusing to issue the license, that Clinton county at a legal election for that purpose, adopted what is commonly known as the Local Option Law, whereby the sale of intoxicating liquors was prohibited under the provisions of article 3, chapter 22, Revised Statutes 1899. The relators insist that such law was not adopted and that the face of the record in the case shows that while an election was held on the question of the sale of intoxicating liquors, yet it affirmatively appears the law was not adopted.

But respondents make the point at the outset that relators have not made a case for the issuance of the writ even if the law was not legally adopted. Under the provisions of sections 2993 and 2997, Revised Statutes 1899, there are two classes of applications and petitions for license to keep a dramshop. In one class, where the city involved contains a population of two thousand or more and a certain character of petition is presented, the law makes it mandatory on the county court to grant the license. In the other class the granting of a license is within the discretion of the county court. [Scarritt v. Jackson County, 89 Mo. App. 593.] In the former class mandamus is a proper remedy to compel the issuance of a license. [State ex rel. v. Meyers, 80 Mo. 601; State ex rel. v. Ashbrook, 154 Mo. 375; State ex rel. v. McCammon, 111 Mo. App. 626, 633; Scarritt v. Jackson County, supra; Bean v. County Court, 33 Mo. App. 635.]

But it must appear from the record in a case in which the writ is asked that all legal prerequisites to the issuance of a license exist and that no substantial legal requirement is missing from the conditions which make it the duty of the court to issue the license. Otherwise dereliction on the part of the county court does not appear, and a superior court would find itself in the sit-

uation of being asked to compel the doing of that which has not been shown to be proper to do. Applying this test to the record before us, we find that no case was made from which a duty of the county court to issue the license arose.

In order to become mandatory on the county court to issue a license to keep a dramshop in a city of two thousand or more population, such as Plattsburg is alleged to be, a petition must be presented which contains the proper names subscribed thereto of two thirds of the assessed taxpaying citizens and guardians of minors, owning real estate in the block or square where such dramshop is to be kept, "as shown by the last previous annual assessment and vote of the city . . . where such dramshop is to be kept." [Sec. 2993, Revised Statutes 1899; Scarritt v. Jackson County, 89 Mo. App. l. c. 594.] In this case it appears by the alternative writ that a petition was presented to the county court which shows the proper petitioners except that it does not state they were properly qualified as shown by the last "*vote of the city.*" Nor does the record anywhere show this necessary qualification. In the general statutes of 1889 there was no requirement that the petitioner must be a voter as shown by the last vote of the city, but this was amended in the Laws of 1891, p. 128, sec. 4, which was carried into the revision of 1899, section 2993.

This view is fatal to the issuance of the writ and we affirm the judgment of the trial court denying it. All concur.

State ex rel. v. Packett.

## ON MOTION FOR REHEARING.

PER CURIAM.—A motion for rehearing has been filed in this cause which alleges that the opinion is in conflict with State ex rel. v. Cauthorn, 40 Mo. App. 94; State ex rel. v. Fort, 107 Mo. App. 328; and State ex rel. v. Moniteau Co. Court, 45 Mo. App. 387, wherein it was decided it was not necessary that the petition for a dramshop license should itself show that the petitioners were properly qualified under the statute, provided that was shown at some place in the record. The foregoing opinion is in accord with those cases. It is there stated that neither the petition for license nor the record shows the necessary qualifications.

But it is insisted that if the county court had heard the relators when they presented their petition for license, the record of that court would have been made to show on the hearing that the petitioners were voters as required by law. The difficulty with this turn in the argument is that it is in the face of the petition for mandamus presented by relators. In that petition they set up what they had endeavored to get the county court to do and what showing they had offered to make to the county court. They are, of course, bound by such petition rather than by what they stated to the trial judge they offered to show. It thereby appears that they did not offer to show that the petitioners were voters. They specifically state that they "offered and tendered full, adequate and lawful proof and evidence of all the facts alleged therein (the petition and application) and in each thing mentioned." But it was *not alleged therein* that the petitioners were voters.

It is apparent from another part of the petition for mandamus that the voter qualification was being ignored. It is alleged therein that the petition for license showed the qualifications of the petitioners and these qualifications are specified. And then the further allegation is made that the petition for license showed "ev-

ery other fact, circumstance, condition and requirement of the statute in such case made and provided." But when you turn to the license petition itself, the voter qualification does not appear.

The motion for rehearing contains the statement that it is necessary to "jump to a conclusion to assume that the petitioners attempted to present a mandatory petition" to the county court. The relators so state in their petiton for mandamus in the following words: "Relators say that they have a just, lawful and meritorious petition and application as aforesaid, and are lawfully and justly entitled, not only to the license in the premises but to have such license granted to them, and that by the facts aforesaid and by the terms of section 2993 of the Revised Statutes of 1899, the said county court are bound to grant such license." Then follows the prayer for a writ of mandamus to compel the issuing of a license.

There can be no doubt but that the face of the record before us shows relators not entitled to have the writ. It would even have justified a refusal of the alternative writ. The motion is overruled.