CITY OF MARYVILLE, APPELLANT, v. FARMERS TRUST COMPANY OF MARYVILLE ET AL., RESPONDENTS.—45 S. W. (2d) 103.

Kansas City Court of Appeals. December 7, 1931.

*A. F. Harvey* for appellant.

*Shinabarger, Blogg & Livengood* and *Culver, Philip & Voorhees* for respondent.

CAMPBELL, C.—Plaintiff, a city of the third class, adopted the alternative form of government. W. O. Garrett was its mayor, manager, and collector. Arch K. Frank was its treasurer, and he was also secretary of the defendant trust company.

W. O. Garrett, at a time not disclosed, had collected the sum of twenty-five hundred dollars which belonged to the "water fund" of plaintiff. On the 10th day of December, 1929, he placed that fund on time deposit in the trust company and received therefor a time certificate of deposit in which it is provided that the trust company would pay said sum to the order of plaintiff "six or twelve

months after date on return of this certificate properly endorsed with interest until maturity thereon at four per cent per annum." At the time the deposit was made the trust company and its secretary knew the public character of the fund and that the trust company had not been selected as city depository. On April 7, 1930, the trust company failed and its business, property, and affairs were placed in the hands of the Commissioner of Finance of the State of Missouri. The Commissioner of Finance has sufficient funds of the trust company to pay plaintiff's claim in event preference is awarded. Plaintiff presented to the Commissioner of Finance claim for the fund and prayed that the same be allowed as a preferred claim. Upon trial the preference was denied, and the plaintiff has appealed.

The plaintiff had power to select a depository but it was not its mandatory duty to do so.

It was the duty of the city collector "to pay into the treasury, monthly, all moneys . . . belonging to the city which may come into his hands." [Sec. 6785, R. S. 1929.] That duty he did not perform. On the contrary, he adopted a course which rendered the performance of that plain duty impossible. He turned the money over to the trust company and accepted its written obligation to repay the same with interest six or twelve months thereafter. The fund was not paid into the treasury of the city but remained in the assets of the trust company.

The city collector was a trustee, with respect to the fund. In the circumstances, the trust company did not obtain better title to the fund than he had. The deposit, if such it may be called, had all the essential features of a loan, was unlawful, and the trust company therefore did not acquire title thereto. [Consolidated School District v. Citizens Bank, 21 S. W. (2d) 781; State ex rel. v. Page Bank, 322 Mo. 29, 14 S. W. (2d) 597; Special Road District v. Cantley, 8 S. W. (2d) 944, 945; Clearmont School District v. Jackson Bank of Clearmont, 37 S. W. (2d) 1006; City of Macon v. Farmers Trust Company, 21 S. W. (2d) 643.]

It is argued by defendant that the city had the right to loan its surplus funds. The argument overlooks the fact that the fund was never paid into the treasury of the city, and that the act of placing the money in the trust company was not the act of the city but the act of the city collector. Moreover, we find no statutory authority authorizing the city to loan a fund such as the one under consideration.

"Any fair, reasonable doubt concerning the existence of power is resolved by the court against the corporation, and the power is denied." [St. Louis v. Kaime, 79 S. W. 140, 180 Mo. 322.]

The right to preference is clear, and we therefore deem it unnecessary to discuss other questions presented in briefs. The judgment is reversed and the cause remanded, with direction to allow plaintiff's demand as a preferred claim. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of Campbell, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded, with direction to allow plaintiff's demand as a preferred claim. All concur.

## On Motion for Rehearing.

CAMPBELL, C.—Respondent's counsel point out that the time deposit was originally made several years before the issuance of the certificate dated December 10, 1929; that the original certificate was renewed each six months thereafter, the last of which was made on December 10, 1929; that during all of that time plaintiff's treasurer was also secretary of the trust company; that the collector continuously for a period of several years collected revenue of the city which he deposited in the trust company in the name of the city treasurer; that he also collected revenue which he deposited to his account as collector and twice each month transferred that fund to the account of the city treasurer in the trust company; that the city collector attended to making all of said deposits; that the treasurer knew that the several certificates were issued but did not expressly assent or dissent to any of the transactions.

From these facts it is argued that the treasurer "had complete control of the deposit." The uncontradicted evidence is that the time deposit never was charged to' the account of the treasurer. The treasurer testified: "I had nothing to do with it at all." The collector caused the original certificate to be renewed many times. Evidently at the time of renewal he produced and endorsed the certificate theretofore issued. It thus appears the collector had complete control of the deposit. It could not be claimed that the treasurer or the sureties on his bond could be held liable for the $2500 except on the theory that the treasurer participated in the wrongful disposition of the fund.

It is also argued that inasmuch as the deposit was renewed from time to time and the collector attended to making deposits to his account and to the account of the treasurer, the city adopted a course of dealing and is estopped to deny the existence of contractual relation empowering the trust company to act as depositary. We are cited to cases which it is said support this contention. The opinion upon which defendant mainly relies is the case of North Missouri Trust Company v. Cantley, 39 S. W. (2d) 415. In that

644

case the school board at a regular meeting ordered the funds of the district deposited in a trust company and interest was agreed upon. A bond was given, "a valid and enforceable one, and was so recognized by the bonding company itself. . . . In other words the trust company was at least a *de facto* depositary."

In this case there was no attempt to comply with the law in the selection of a depositary. No bond was required, no order made selecting the trust company. The individual collector chose, in legal effect, to loan the funds of the municipality to the trust company. His act was in plain violation of an express statute and no course of dealing no matter how long continued would estop the municipality from asserting that the act of its official was unlawful.

"If such corporation go beyond its delegated powers, its acts are void. If it pass ordinances which go beyond such delegated powers, the ordinances are void and bind no one. The city, being a public agency, can and should plead that its acts were *ultra vires* and void, and bind no one. This because the real party is the general public and not the officials who have been derelict in duty when the unlawful act was committed." [Peters v. City of St. Louis, 125 S. W. 1134.]

The motion for rehearing is overruled. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The motion for rehearing is overruled. All concur.