CITY OF MEADVILLE, MISSOURI, A MUNICIPAL CORPORATION, ET AL., RESPONDENTS, *v.* GEORGE CASELMAN, APPELLANT.—227 S. W. 2d 77.

Kansas City Court of Appeals. Opinion delivered February 6, 1950.,

*Errol Joyce* and *Walter A. Raymond* for appellant.

No brief for respondent.

·BROADDUS, J.—The sole question presented here is the power and authority of' a city of the fourth class to prohibit pool halls altogether within its corporate limits.

This suit for a declaratory judgment was instituted in the Circuit Court of Linn County, the plaintiffs being the City of Meadville, Lester Collins, as Mayor and Leland Tharp, Lee Woods, Ola L. Belcher and Stanley Duncan as Board of Aldermen of the City of Meadville.

The petition alleged that the City of Meadville was a municipal corporation, being a city of the fourth class. It alleged the official capacity of the other plaintiffs as above described.

It then alleged that on the 23rd day of February, 1948, and for a long time prior thereto the plaintiff city had in full force and effect "an ordinance prohibiting any person to set up, keep, use or main-

tain for pay or profit, within the City of Meadville, any billiard table, pool table, etc.''; that said ordinance was duly, properly and legally enacted on March 4, 1929, and ever since has been in full force and effect.

It further alleged that on one or more occasions prior to February 23, 1948, the defendant notified the Mayor and Board of Aldermen of plaintiff city that he intended to set up and maintain pool tables, for pay or profit, in Meadville; that at said time defendant was not a resident of plaintiff city and did not reside in said city until the 15th day of February, 1948; that the officers of said city informed defendant of the existence of said ordinance prohibiting the using, keeping or maintaining of pool tables for pay or profit within said city; that thereupon defendant notified said officers that he had been advised by legal counsel that said ordinance was invalid, and plaintiff had no legal right to enforce said ordinance; that defendant would rely upon such legal opinion and would set up and maintain pool tables for pay and profit within the City of Meadville; that thereafter on February 23, 1948, defendant did, and is now keeping, using and maintaining pool tables for pay and profit within the corporate limits of the City.

The petition further alleged that said ordinance was duly and regularly passed, adopted and enacted and thereby became an existing ordinance of said city; that said ordinance is within the scope of the legislative authority of said city to enact and enforce.

It further alleged that there is an actual controversy as to the legality and enforceability of the ordinance described; that plaintiffs contend that it is legal and enforceable and defendant contends it is invalid and not enforceable; that the defendant is now conducting himself in contravention and direct violation of the terms of said ordinance.

The petition prayed the court to declare the rights and duties of the parties under and by reason of the ordinance set out and described in the premises; that the court determine said ordinance to be legal, valid and enforceable, and declare that the defendant has set up and is now maintaining and using pool tables for pay and profit within said city in violation of said ordinance and without legal right or excuse.

Defendant thereafter filed an answer admitting the identity and status of the plaintiffs as alleged in plaintiffs' petition, admitted the allegations as to defendant informing plaintiffs that he had had legal advice that the ordinance was not legal and enforceable and that he would not be bound by it. The answer stated that defendant owns, operates and maintains a pool hall in the City of Meadville, by virtue of a license duly and regularly issued by the County Court of Linn County, on the 8th day of February, 1948, denied that the ordinance was valid and that the City of Meadville had power and authority to enact the same. The ordinance was introduced in evidence

and it was agreed that a license to operate and maintain a pool hall in said city was duly issued by the County Court of Linn County, Missouri, to the defendant on the 8th day of February, 1948.

The court entered its decree finding the facts substantially as alleged in the petition and declaring the ordinance is and has been since March 4, 1929, a valid, legal and enforceable ordinance of said city; that the defendant on February 23, 1948, and since has operated pool tables for pay and profit within the corporate limits of said city, in violation of said terms of said ordinance.

After moving unsuccessfully for a new trial defendant brings this appeal. Plaintiffs have filed no brief here.

There are no facts nor is there any intimation that defendant is not a fit and proper person or that his establishment is not run in an orderly manner. Plaintiffs are not trying to regulate or suppress this pool hall, but to prohibit any pool hall in the City no matter who operates it and no matter how it is operated.

The applicable statute which deals with Cities of the Fourth Class is Sec. 7196 R. S. 1939. That section, so far as material here, provides:

"The mayor and board of aldermen shall have power and authority to regulate and to license and to levy and collect a license tax on * * * billiard and pool tables and other gaming tables, * * * and to license, tax, regulate or suppress * * * billiard tables, pool and other gaming tables * * *."

Our general statute which provides that ordinances must conform to the state law is Section 7442 R. S. Mo. 1939, and is as follows:

"Any municipal corporation in this state, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters, and things upon which there is a general law of the state, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the state law upon the same subject."

In the case of the City of St. Louis v. King, 227 Mo. 146, 126 S. W. 495, our Supreme Court said:

"In Knapp v. Kansas City, 48 Mo. App. 485, the doctrine is tersely stated to be: 'It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and none others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Kansas City v. Swope, 79 Mo. 446; Leach v. Cargill, 60 Mo. 316; Kiley v. Oppenheimer, 55 Mo. 374. And any fair reasonable doubt concerning the existence of the power is resolved by the courts against the corporation.' * * * The city is a creature

of the state; and before it can exercise a particular police power it must fairly be included in the grant of powers by its charter. Tiedeman's Police Pow. Sec. 212. The exercise of any police power not within the limitations of its charter is a municipal usurpation and void.''

This court in the case of State ex rel. Sheffel v. McCammon, 111 Mo. App. 626, 86 S. W. 510, l. c. 511, said:

''The law has been frequently stated by our appellate courts that, unless expressly stated in the charter to the contrary, valid ordinances cannot be ordained when inconsistent with the general state law. Wood v. Kansas City, 162 Mo. 303, 62 S. W. 433; Town of Paris v. Graham, 33 Mo. 94; Quintette v. St. Louis, 76 Mo. 402; Kansas City v. Hallett, 59 Mo. App. 160; Dillon on Munic. Corp., Sec. 819; State v. Flad, 23 Mo. App. 185; Weber v. Lane, 99 Mo. App. 69, 61 S. W. 1099. * * *

''Under power conferred on cities of the fourth class 'to regulate and license' dramshops, there is no authority to wholly prohibit or suppress. Where there is mere power in a municipality to regulate in a state, with a general policy of conducting licensed saloons, authority to prohibit is excluded. The difference between regulation and prohibition is clear and well marked. The former contemplates the continuance of the subject-matter in existence or in activity. The latter implies its entire destruction or cessation.' '' (Citing text writers and cases.)

It is to be noted that the statute, Sec. 7196, supra, uses the words ''to license, tax, regulate or suppress.'' Thus, the following language contained in the opinion by this court in State ex rel. McClanahan v. Dewitt, 160 Mo. App. 304, 142 S. W. 366, is pertinent. ''It is clear that the legislature in the use of the word suppress meant to confer on the city the power as a police regulation to suppress unlicensed billiard and pool tables and the like doing business without a license. but it was not intended that the city should have the power to prohibit billiard and pool tables, occupations which the state had a right to at least license and tax.''

And in referring to the holding in our former decision in State ex rel. Sheffell v. McCammon, supra, said, l. c. 309: ''There can be no question but what the general policy if the state is to license billiard and pool tables and that there is no power vested in either the county or the city to prohibit them, but a city may suppress and there is nothing in the decision to warrant any other conclusion and *it was clearly not the intention of the court to use the words suppress and prohibit as synonymous.*'' (Italics ours.)

And in a more recent case, that of City of Washington v. Reed, 229 Mo. App. 1195, 70 S. W. (2nd) 121, The St. Louis Court of Appeals uses this language: ''It must be kept in mind that the city of Washington has not the power and authority to prohibit 'peddling'

within its limits. It has only the power conferred on it by statute 'to levy and collect a license tax' and 'regulate' peddlers. Sec. 6840 R. S. Mo. 1929 (Mo. St. Ann. Sec. 6848, p. 5693.) It cannot do indirectly what it may not do directly. 37 Corpus Juris, page 192, Section 42.''

Nothing said in State ex rel. Hawkins v. Harris, 304 Mo. 309 and State ex rel. v. Fields, 218 Mo. App. 155, in any way conflicts with the view we here express. Those were mandamus actions, and both recognize the rule announced in the decisions to which we have referred that the power to license and regulate does not include the power to prohibit.

Villages, under our statute, Sec. 7248, and Cities of the Third Class under Sec. 6986, are given power to "prohibit" pool halls. No such authority has been conferred upon Cities of the Fourth Class by our law making body. It follows that the decree of the trial court should be reversed. All concur.