City of KANSAS CITY, Missouri, Plaintiff-Respondent,

v.

Melvin E. CRAWFORD, Defendant-Appellant.

No. 25352.

Kansas City Court of Appeals, Missouri.

June 1, 1970.

75th, in the face of a flashing red light, in violation of Chapter 34.41(c), of the general ordinances of Kansas City; and with driving and operating a vehicle on the streets of Kansas City while under the influence of intoxicating liquor, in violation of Chapter 34.113a, general ordinances of Kansas City. On appeal to Circuit Court, trial to the court resulted in judgment of guilty on both counts for "running" the red light a fine of $15.00 was assessed; and for driving while under the influence of intoxicating liquor, defendant was fined $135.00. This appeal followed.

Defendant confines his argument for reversal herein *exclusively* to the charge of driving while under the influence of intoxicating liquor. He admitted in open court that he did not stop, but drove through the flashing red light at Paseo and 75th.

Officer Marcum, Kansas City Police, testified to the effect that he was parked near the intersection of Paseo and 75th streets, May 1, 1969, at 11:30 P.M.; that his attention was called to defendant when his automobile passed through the intersection, without stopping; that the red light was then flashing; that he was traveling east; that witness followed him to 75th and Brooklyn, where he stopped him. He stated that he asked him to produce his driver's license; that, when defendant stepped out of the vehicle, he noticed the odor of alcohol on his breath; that he swayed when he turned toward the officer; that he charged him with driving under the influence of alcohol and with driving through a red light. He stated that on examination of defendant he found the odor of alcohol was moderate on his breath, his pupils were normal, balance walking and turning was swaying, picking up coins was sure, his speech was slurred, his choice of words fair, his clothing was "mussed", attitude was polite.

Witness stated that he asked defendant where he was going and he said he was going home; that he had started from 7926 State Line; that he did not know

---

Laurence B. Silks, Silks & Silks, Kansas City, for appellant.

Aaron A. Wilson, Jr., City Counselor, Charles A. Lewis, Assoc. City Counselor, Kansas City, for respondent.

SPERRY, Commissioner.

Defendant was charged, tried and convicted in Municipal Court of Kansas City, with violation of certain city ordinances. One charge was that he had driven through a street intersection, at Paseo and

when he left; that he said he could not estimate the time at that time and did not know the time. He stated that he had been drinking beer; that he had consumed "five"; that he commenced drinking at 10:00 P.M., and did not know when he stopped; that he had visited a dentist's office and had a tooth extracted three weeks prior thereto; that he could not remember the name of the dentist; that he took an antibiotic pill at 11:00 P.M. because of the tooth extraction.

The officer stated that he questioned defendant at 11:59 P.M. He was asked the following question: "And did you form an opinion as to whether or not his ability to drive a vehicle was impaired?" He answered: "My personal opinion of the subject was the effects of alcohol was extreme and ability to drive was greatly impaired".

On cross examination the officer stated that he had examined several persons for intoxication and that some do and some do not have dilated pupils; that sometimes such persons can pick up coins and sometimes they cannot; that while defendant stated that he was ill because of the tooth extraction, there was no visible indication of illness.

Chapter 34, Sections 113a, 114 and 115, Kansas City ordinances, were introduced in evidence without objection. These ordinances deal with the offense of driving while under the influence of intoxicating liquor; and Chapter 34.41c dealing with the offense of failure to stop on a flashing red signal was also introduced in evidence and received without objection. Chapter 34.333 was also introduced in evidence. It provides penalties for the violation of the provisions of Chapter 34.

Defendant testified to the effect that he was employed at 79th and State Line; that he usually works late in the evenings or night; that he left the office on this occasion at 9:30 or 10:00 o'clock; that defendant and his "boss" went to a "tavern" in Overland Park (Kansas); that he had

never been there before and does not know the name of the place; that he drank "four or five" small glasses of beer; that such was all of the intoxicants he consumed; that he believed that the alcoholic content of beer in Kansas is 3.2%; that, before leaving the tavern, he placed a pill over the cavity left from the extraction of a tooth some three weeks prior; that he observed the flashing red light at Paseo and 75th; that he slowed down but did not stop.

Section 34.115 provides that the penalty for driving while under the influence of intoxicating liquor shall be imprisonment for not less than thirty days nor more than one year, or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by both such fine and imprisonment. Section 82.300 RSMo 1959, V.A.M.S., provides that a city of the population of Kansas City "may enact all needful ordinances for preserving order * *; prescribe and impose, enforce and collect fines, forfeitures and penalties for the breach of such ordinances * * *; but no fine shall exceed five hundred dollars nor imprisonment exceed twelve months for any such offense". The ordinances relied on by Kansas City in this case are in harmony with that statute, and the punishment assessed herein is not in violation of the statutes or of the ordinances.

Section 564.440, RSMo 1959, V. A.M.S., declares that no person shall operate a motor vehicle while in an intoxicated condition, and Section 564.460 provides a penalty for drunken driving or leaving the scene of an accident. The fact that the ordinance here involved provides a different maximum penalty from that provided for violation of 564.460 is urged as a ground for reversal.

In City of St. Louis v. De Lassus, 205 Mo. 478, 104 S.W. 12, 13, it was said, in a similar situation, that the fact there is a difference between the fine fixed by statute and that fixed by ordinance, for the doing of an illegal act, is not sufficient

alone, to justify holding that the ordinance is illegal. There the fine fixed by ordinance was higher than that fixed by statute.

In Kansas City v. Hallett, 59 Mo.App. 160, this court considered a case where the punishment fixed by ordinance for the sale of lottery tickets, was different from that fixed by statute. The court held that such difference did not result in the ordinance being repugnant to the statute, rendering it void. We hold that the ordinance here involved is valid. In City of Tarkio v. Cook, 120 Mo. 1, 25 S.W. 202, 203, it was held that the largest discretion is given cities in the exercise of powers granted to them. An ordinance which is within the limits of powers granted by the Charter is valid.

Defendant cites City of Meadville v. Caselman, 240 Mo.App. 1220, 227 S.W.2d 77, 80, in support of his contention that the ordinance here relied on is invalid because it provides a different punishment than does the statute denouncing the crime of drunken driving. In the cited case we held that the ordinance involved was invalid because it was in direct *conflict* with statutory law. It was not merely at variance.

It is contended by defendant that he could not have been under the influence of intoxicating liquor because the evidence shows that he had drunk 3.2% beer only, which is declared by Missouri statute to be nonintoxicating.

Section 311.020, supra, is a part of the "Liquor Control Law" and defines "Intoxicating Liquor" *for the purpose of said act*. The statute provides that "intoxicating liquor" *as used in this chapter*, shall mean and include beverages containing in excess of three and two tenths percent of alcohol by weight. It is recalled that, under the "Volstead Act", during "Prohibition Times", any beverage containing more than ½ of one percent of alcohol was declared to be intoxicating, and its sale was prohibited. The question here is not what percentage of alcohol a beverage must have in order to be intoxicating *for the purpose* of licensing and regulation. The question is whether defendant was, in *fact*, intoxicated. If he was intoxicated it may be assumed that he became so from imbibing intoxicating liquor.

In this case defendant admitted that he had consumed five beers, in Kansas. The court, in weighing the evidence, could have believed that he had consumed beer, but was not required to believe that he drank only five or that it was 3.2%.

The court was not required to believe that the drinking occurred in Kansas or that it was 3.2% beer that was drunk. The only evidence tending to prove that it was 3.2% beer, is the testimony of defendant that he consumed it in Kansas, and defendant's contention that the sale of beverages containing more than 3.2% alcohol is illegal in the State of Kansas. The evidence in this respect is not *conclusive*.

The testimony of Officer Marcum was to the effect that at 11:30 P.M., he saw defendant operate his automobile through a street intersection without stopping for a red flashing light; that he smelled a moderate odor of alcohol on defendant's breath; that defendant's speech was slurred and that he swayed when he walked. He questioned him as to what time it then was and defendant did not know; that he did not know the name of the tavern at which he had consumed five beers; that he did not know when he left there; and he did not know the name of the dentist who had extracted his tooth. The officer gave it as his opinion, without objection, that defendant was intoxicated to such an extent as to impair his driving ability. There was competent and substantial evidence from which the court could, and did, find that defendant was guilty of operating a motor vehicle while under the influence of intoxicating liquor. We will not disturb this judgment unless it is clearly erroneous. This we cannot find on the record.

It is true that defendant could pick up coins surely. Officer Marcum stated that he had observed intoxicated persons who could do this and some who could not. He also stated that the pupils of some intoxicated persons become enlarged and that, in some cases they do not. These two tests are only some of the tests that indicate the degree of intoxication, but not all.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.