FILED 98
Honorable Walt Mueller State Representative, District 93 Room 102, State Capitol Building Jefferson City, Missouri 65101
Dear Representative Mueller:
This opinion is in response to your question asking:
 "Can a Fourth Class City set up and administer a program of grants based on specific criteria for low-income individuals whose utility bills are extremely high or can such a municipality fund the administration of such a program by some other public agency?"
You further state:
 "The City of Valley Park is considering the institution of a program to provide funds for low income citizens who are faced with extremely high utility bills."
In 17 McQuillin, Municipal Corporations § 47.06, it is stated:
 "A municipal corporation is under no legal obligation to aid and support its poor [in the absence of a statutory mandate] but it may do so without express legislative authority. And the obligation has been strongly urged by Mulkey, J. of Illinois: `It is the unquestioned right and imperative duty of every enlightened government in its character of parens patriae to protect and provide for the comfort and well being of such of its citizens as, by reason of infancy, defective understanding, or other misfortune or infirmity, are unable to take care of themselves. The performance of this duty is justly regarded as one of the most important of governmental functions and all constitutional limitations must be so understood and construed as not to interfere with its legitimate exercise.'. . ."
In our Opinion No. 8, dated January 13, 1970, to Becker, (copy enclosed) this office concluded that a city has the authority to assume responsibility for the medical expenses of an indigent prisoner under the statutes empowering it to provide for health and welfare. In reaching that conclusion we relied upon the holding in the case of Jennings v. City of St. Louis,58 S.W.2d 979 (Mo.Banc 1933).
We believe that holding is applicable here and conclude that a city of the fourth class has the authority to provide relief for its poor. See Section 79.470, RSMo.
The question has been raised as to whether or not such action on the part of the city would violate Section 25 of ArticleVI of the Missouri Constitution which prohibits counties, cities or other political corporations or subdivisions of the state from lending credit or granting money or property to private individuals. We do not consider this provision as a prohibition against the use of funds for public purposes.
In reaching this conclusion, we recognize that any reasonable doubt concerning the existence of a municipal power is to be resolved against the municipality. City of Maryville v.Farmers' Trust Co. of Maryville, 45 S.W.2d 103 (K.C.Mo.App. 1941). We believe, however, that Jennings v. City of St. Louis, supra,
removed any reasonable doubt with respect to the powers of cities generally to provide for the relief of their poor. Of course, the City of St. Louis is a charter city and is also a county. However, the holding of the court with respect to all cities generally is clear.
We conclude then that a fourth class city has authority to provide for the relief of the poor inhabitants of the city.
We do not purport to pass upon the particular program or method of providing such relief. Further, we do not answer the latter part of your question with respect to whether or not a municipality can fund the administration of such a program by some other public agency because we have not been provided with sufficient facts concerning that aspect of your question and any answer we might give would be unduly speculative.
CONCLUSION
It is the opinion of this office that a city of the fourth class has the authority to provide for the relief of its poor inhabitants.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 8 1/13/70, Becker