Honorable James R. Strong State Representative, District 119 Room 106, Capitol Building Jefferson City, Missouri 65101
Dear Representative Strong:
This is in response to your request for an opinion as to whether the Jefferson City Library Board has the authority to establish a fund other than one of those provided for in Sections182.200 and 182.260, RSMo. The facts giving rise to this request are as follows: The board of trustees of the Jefferson City Library owned the Carnegie Free Public Library Building in Jefferson City, which was sold when a new library was constructed.
Under a cooperative agreement, the costs of operation of the Thomas Jefferson Library System are shared by the Jefferson City Library, Cole County Library District and three other county library districts as members of the Thomas Jefferson Library System. However, the Jefferson City Library Board maintains city library funds under Section 182.140 (City Library Fund) and Section 182.260 (Library Building Fund). The proceeds of the sale of the Carnegie Free Public Library Building belong to the Jefferson City Library District.
Section 182.140, RSMo, provides for an election to establish a tax to provide for free public libraries in certain cities. Subsection 2 provides in part:
 ". . . The proceeds of the levy, together with all interest accruing on same, with library fines, collections, bequests and donations in money shall be deposited in the city treasury and shall be known as the `city library fund', . . ."
Section 182.200, RSMo, pertaining to powers of the board of trustees, provides in part:
 "4. They shall have the exclusive control of the expenditure of all moneys collected to the credit of the library fund, and of the construction of any library building, and of the supervision, care and custody of the grounds, rooms or buildings constructed, leased or set apart for that purpose. All moneys received for the library shall be deposited in the city treasury to the credit of the city library fund, . . ."
Section 182.260, RSMo, provides for levying a tax for the erection of free public library buildings and the establishment of a separate fund to be known as the "Library Building Fund."
Any reasonable doubt concerning the existence of the power of a municipal corporation is resolved against the municipal corporation.Maryville v. Farmers Trust Company of Maryville,45 S.W.2d 103 (K.C.Mo.App. 1931).
A municipal corporation is but a creature or political subdivision of the state, and, therefore, in possession only of such powers and authority as are conferred upon it by express or implied provisions of law. State v. Steinbach, 274 S.W.2d 588
(St.L. Ct.App. 1955).
The Kansas City Court of Appeals said in the case of City ofMeadville v. Caselman, 227 S.W.2d 77, 79-80 (K.C.Mo.App. 1950):
 "In the case of the City of St. Louis v. King, 226 Mo. 334, 126 S.W. 495, 497, 27 L.R.A., N.S., 608, 138 Am.St.Rep. 643, our Supreme Court said: `In Knapp v. Kansas City, 48 Mo.App. 485, the doctrine is tersely stated to be: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and none others: First, those granted in express words: second, incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable. . . ."'"
In view of the fact that the legislature has provided for the establishment of certain funds for library districts, it is our view that the establishment of an additional fund by a district is not expressly granted, not necessarily or fairly implied in or incident to powers expressly granted and not essential or indispensable to the objects and purposes of the district.
We do not express any view as to the effect of the cooperative agreement entered into August 3, 1966 between the library boards of Jefferson City, Cole County, Miller County, Osage County and Maries County on the question you have asked.
CONCLUSION
It is the opinion of this office that the Jefferson City Library Board has no authority to establish a fund other than the funds specifically provided for by statute.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Bruce E. Anderson.
Very truly yours,
 JOHN ASHCROFT Attorney General